SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
NANCY E. PRITIKIN, Cal. Bar No. 102392
npritikin@sheppardmullin.com
379 Lytton Avenue
Palo Alto, California 94301-1479
Telephone:   650.815.2600
Facsimile:    650.815.2601

ADAM R. ROSENTHAL, Cal. Bar No. 246722
ROBERT K. FOSTER Cal. Bar No. 329353
arosenthal@sheppardmullin.com
rfoster@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone:   858.720.8900
Facsimile:    858.509.3691

TYLER J. JOHNSON, Cal. Bar No. 307386
tjjohnson@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1422
Telephone:   213-620-1780
Facsimile:    213-620-1398

Attorneys for Defendant
Zara USA, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SEDAGHATPOUR, individually and on behalf of other individuals similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZARA USA, INC., a New York corporation, and DOES 1-100 inclusive,<br><br>Defendant. | Case No.  2:20-cv-1272<br><br>**DEFENDANT ZARA USA, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446, AND 1453 (CLASS ACTION FAIRNESS ACT AND FEDERAL QUESTION JURISDICTION)**<br><br>(Los Angeles County Superior Court Case No. 19STCV44243)<br><br>[*Filed concurrently with Civil Cover Sheet, Declaration of Oscarina Pena, Certification and Notice of Interested Parties, Notice of Related Cases, and Notice of Pendency of Other Actions or Proceedings* ] |

DEFENDANT'S NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

   **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453, Defendant Zara USA, Inc. ("Zara") hereby removes to the United States District Court for the Central District of California, the above-captioned matter of *Andrew Sedaghatpour v. Zara USA, Inc.*, which is currently pending in the Superior Court of the State of California for the County of Los Angeles, Case No. 19STCV44243 (hereinafter the "State Court Action").  This Court has original subject matter jurisdiction pursuant to diversity jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and the amount in controversy exceeds $5 million.  This Court separately has subject matter jurisdiction pursuant to federal question jurisdiction.  Thus, removal is proper for the following reasons:

<u>**SERVICE AND PLEADINGS FILED IN STATE COURT**</u>

   1.     On or about December 10, 2019, Plaintiff Andrew Sedaghatpour ("Plaintiff") filed a Complaint against Zara in the Los Angeles County Superior Court. A true and correct copy of the Complaint is attached hereto as **Exhibit A** and a true and correct copy of the Summons is attached hereto as **Exhibit B**

   2.     In the Complaint, Plaintiff asserts individually and on behalf of similarly situated individuals eleven causes of action against Zara for:  (1) Failure to Pay All Wages and/or Overtime (California Labor Code §§ 204, 1194, 1194.2, 1197, 1197.1); (2) Missed Meal Breaks (California Labor Code §§ 200, 226.7, 512, and Wage Order No. 7); (3) Missed Rest Breaks (California Labor Code §§ 200, 226.7, 512, and Wage Order No. 7); (4) Failure to Pay All Wages Owed at Termination (California Labor Code § 203); (5) Failure to Furnish an Accurate, Itemized Wage Statement upon Payment of Wages (California Labor Code § 226); (6) Split Shift Premium Pay; (7) Violation of the Fair Credit Reporting Act (15 U.S.C. § 16821(b)(2)(A)); (8) Violation of California's Consumer Credit Reporting

-1-

Agencies Act (California Civil Code §§ 1785 *et seq.*); (9) Violation of California's Investigative Consumer Reporting Act (California Civil Code §§ 1786 *et seq.*); (10) Violation of the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*); and (11) Unlawful Business Practices (California Business & Professions Code §§ 17200 *et seq.*). (*See* Exhibit A ("Compl.") at 1.)

3.      Prior to service of the Summons and Complaint on Zara, an Initial Status Conference Order and corresponding Minute Order were issued on January 6, 2020. A true and correct copy of those Orders is attached hereto as **Exhibit C**.

4.      Zara was served with a copy of the Summons and Complaint on January 8, 2020. A true and correct copy of the Proof of Service is attached hereto as **Exhibit D**.

5.      Zara timely filed its Answer to Plaintiff's Complaint in the State Court Action on February 6, 2020. A true and correct copy of Zara's Answer is attached hereto as **Exhibit E**.

6.      As of the date of this Notice of Removal, the Complaint, Summons, Initial Case Management Orders, Proof of Service, and Answer are the only filings in the State Court Action. *See* 28 U.S.C. § 1446(a) (defendant must provide district court with "a copy of all process, pleadings, and orders served upon such defendant").

**TIMELINESS OF REMOVAL**

7.      Zara's filed its Notice of Removal within thirty (30) days of January 8, 2020, the date of service of the Complaint. Therefore, it has been filed within the time period mandated by 28 U.S.C. § 1446(b). *Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348-56 (1999) (The 30-day removal deadline is triggered by actual service, as opposed to receipt of the complaint by other means.)

**NOTICE OF REMOVAL TO ALL PARTIES AND STATE COURT**

8.      In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal along with all supporting pleadings will be promptly served on Plaintiff's counsel and filed with the Clerk of the Los

Angeles County Superior Court.  There are no other defendants to join or consent in the removal of this action.  *See* 28 U.S.C. 1441(b).  Therefore, all procedural requirements for notice under 28 U.S.C. § 1446 have been followed and satisfied.

### VENUE IS PROPER

9.     Venue of this action lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1441(a) and 1391(b), as this is the judicial district in which Plaintiff alleges the action arose and where, based upon the allegations in the Complaint, Plaintiff resides.  (Compl. at 4 ¶¶ 12-13.[1])

### REMOVAL JURISDICTION UNDER CAFA

10.     The CAFA amended the diversity jurisdiction statute, 28 U.S.C. § 1332, by adding provisions that give federal courts original subject matter jurisdiction in class actions where the following factors are met: (1) any member of the plaintiff class is a citizen of a State different from any defendant ("minimal diversity"); (2) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; (3) the number of members of the plaintiff class is 100 or more; and (4) the aggregate amount in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d)(2) and (d)(5); *see also Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

11.     Here, as explained in detail below, this Court has jurisdiction over the State Court Action under the CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), because Zara's records demonstrate the following:  (1) Plaintiff is a citizen of a state different from Zara; (2) Zara is not a state, state official, or other governmental entity; (3) the matter is a class action involving a plaintiff class of more than 100 members and (4) the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

---

[1]  Plaintiff's Complaint restarts its paragraph numbering at 1 on page 10 after paragraph 44.  For the sake of clarity, citations to paragraphs in the Complaint include both the cited page and paragraph number.

## MINIMAL DIVERSITY UNDER CAFA

12.    CAFA's diversity requirement is satisfied when there is minimal diversity, i.e., any member of the plaintiff's class is a citizen of a state different from the defendant.  28 U.S.C. § 1332(d)(2).  Citizenship of the parties, for purposes of diversity jurisdiction, is determined at the time of the lawsuit's commencement.  *See Mann v. City of Tucson* 782 F.2d 790, 794 (9th Cir. 1986).

13.    **Plaintiff's Citizenship**:  Plaintiff alleges, and Zara is informed and believes, that Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the state of California.  (Compl. at 4 ¶ 13.)  Further, based on Plaintiff's personnel file and records, Zara is informed and believes, and on that basis alleges, Plaintiff is a citizen of the United States, and was a resident of and domiciled in California during his employment with Zara.  (Declaration of Oscarina Pena In Support of Zara's Notice of Removal ("Pena Decl.") ¶ 4.)  To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Zara is informed and believes, and on that basis alleges, Plaintiff is domiciled in California.  Plaintiff therefore is now at the time of this removal, and was at the institution of this civil action, a resident of California.

14.    **Zara's Citizenship**:  Zara is a corporation incorporated in the state of New York and not a California citizen.  (Compl. at 4 ¶ 14; *see also* Pena Decl. ¶ 3.)  Because Zara is a corporation, pursuant to 28 U.S.C. § 1332(c)(1), it is a citizen of any state in which it is incorporated as well as the state where it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).  The Supreme Court has specifically recognized that a corporation's "principal place of business" is its "nerve center" or the state where high level officers direct, control, and coordinate the corporation's activities.  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).  A corporation can only have one

-4-

"nerve center." *Id.* at 93-94.  In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state.  *Id.*  At all times relevant to the Complaint, Zara has been incorporated under the laws of the State of New York.  (Compl. at 4 ¶ 14; *see also* Pena Decl. ¶ 3.) Zara's corporate headquarters, where the majority of executive and administrative functions are performed, where its corporate offices and executives are located, and where its high level officers direct, control, and coordinate the company's activities, is in New York, New York.  (Pena Decl. ¶ 3.)  Accordingly, Zara's principal place of business is New York, and Zara is a citizen of New York.

15.    **Doe Defendants:**  As alleged in the Complaint, "Defendants" designated as Does 1 through 100 are fictitious defendants, are not parties to this action, have not been named or served, and are to be disregarded for the purpose of this removal.  *See* 28 U.S.C. § 1441(b); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  Pursuant to 28 U.S.C. § 1441(b), the citizenship of defendants sued under fictitious names must be disregarded when determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action.  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); *see also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (finding that unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants 1 through 100, inclusive, does not deprive this Court of jurisdiction.

16.    Based on the foregoing, there is minimal diversity under CAFA between the parties because Plaintiff is a California citizen and Zara is a citizen of New York. *See* 28 U.S.C. § 1332(d)(2)(A).

17.    In addition, Zara is not a state, state official, or other government entity "against whom the district court may be foreclosed from ordering relief."

## NUMEROSITY UNDER CAFA

18.    CAFA provides that the district courts shall not have jurisdiction over

class actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

19.     Plaintiff identified the following putative classes and corresponding scopes, and Zara's records identify more than 100 potential class members for each putative class:

**Plaintiff Class**:  Plaintiff defines the Plaintiff Class as "All persons who have been, or currently are, employed by Defendant and who held, or hold, job positions which Defendant has classified as 'non-exempt' employees in the State of California." (Compl. 12 ¶ 13.)  Plaintiff defines the "Class Period" as the "period from four years prior" to the Complaint's filing date through the judgment date. (*Id.*)  Zara's records indicate that approximately 6,206 non-exempt employees worked in its California locations during the relevant time period of December 10, 2015 to December 10, 2019.  (Pena Decl. ¶ 5.)

**Terminated Sub Class**:  Plaintiff defines the Terminated Sub Class as "All members of the Plaintiff Class whose employment ended during the Class Period." (Compl. 12 ¶ 13.)  Plaintiff defines the "Class Period" as the "period from four years prior" to the Complaint's filing date through the judgment date. (*Id.*)  However, a three-year statute of limitations applies to Labor Code section 203 waiting time penalties.  *See Pineda v. Bank of America, N.A.*, 50 Cal.4th 1389, 1398 (2010).  Zara's records indicate that 3,716 non-exempt employees were separated on or after December 10, 2016.  (Pena Decl. ¶ 6.)

**FCRA Class**:  Plaintiff defines the FCRA Class as "All individuals who applied for employment in the United States with Defendant for which background checks were performed beginning five (5) years prior to the filing of this action through the date judgment is rendered." (Compl. 13 ¶ 13.)  At this time, Zara is unable to identify the number of individuals who applied for employment in the United States and authorized Zara to complete a background check.  However, assuming that each of the non-exempt employees hired by

-6-

Zara in the United States during the relevant time period, December 10, 2014 to December 10, 2019, authorized a background check, the potential class consists of 28,077 members.  (Pena Decl. ¶ 9.)

**CCRAA Class**:  Plaintiff defines the Plaintiff Class as "All individuals who applied for employment in California with Defendant for which a background check was performed beginning seven (7) years prior to the filing of this action through the date judgment is entered."  (Compl. 13 ¶ 13.)  At this time, Zara is unable to identify the number of individuals who applied for employment in the United States and authorized Zara to complete a background check.  However, assuming that each of the non-exempt employees hired by Zara in California during the relevant time period, December 10, 2012 to December 10, 2019, authorized a background check, the potential class consists of 7,108 members.  (Pena Decl. ¶ 10.)

**ICRAA Class**:  Plaintiff defines the Plaintiff Class as "All individuals who applied for employment in California with Defendants for beginning five (5) years prior to the filing of this action through the date judgment is entered."  (Compl. 13 ¶ 13.)   At this time, Zara is unable to identify the number of individuals who applied for employment in California and authorized Zara to complete a background check.  However, assuming that each of the non-exempt employees hired by Zara in California during the relevant time period, December 10, 2014 to December 10, 2019, authorized a background check, the potential class consists of 5,918 members.  (Pena Decl. ¶ 11.)

**FLSA Class**:  Plaintiff defines the Plaintiff Class as "All persons who were or are employed by Defendant as non-exempt employees in the United States."  (Compl. 13 ¶ 13.)  Plaintiff defines the "applicable limitations period" as "three years preceding the filing the of the original Complaint plus such additional time as may be provided pursuant to equitable tolling."  (*Id.*)  Zara's records indicate that approximately 24,784 non-exempt employees worked in locations

-7-

in the United States during the relevant time period of December 10, 2016 to December 10, 2019.  (Pena Decl. ¶ 8.)

20.     Therefore, the putative class for each class identified above by Plaintiff is well in excess of 100.  Accordingly, the numerosity requirement under CAFA has been satisfied and removal is proper under 28 U.S.C. § 1332(d).

## AMOUNT IN CONTROVERSY UNDER CAFA

21.     CAFA authorizes the removal of class actions in which the aggregate amount in controversy for all class members exceeds $5,000,000, exclusive of interests and costs.  28 U.S.C. § 1332(d)(6).

22.     Importantly, "[s]ection 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs.'"  *Gugliemino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).  Thus, the amount in controversy at the time of removal not only includes "compensatory damages," but also includes statutory penalties and premium payments pursuant to the California Labor Code, special damages, restitutionary remedies, injunctive relief, *future* attorneys' fees, and other various forms of relief to which the plaintiff may be entitled if he prevails.  *See id.*; *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (holding that "[t]he amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes'"); *Fritsch v. Swift Trans. Co. of AZ, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that the amount in controversy at the time of removal includes all relief to which a plaintiff is entitled if the action succeeds, including future attorneys' fees).

23.     In *Dart Cherokee Basin Operating Company, LLC v. Owens*, the United States Supreme Court held that, where the complaint is silent as to whether the amount in controversy meets CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a <u>plausible</u> allegation that the amount in controversy exceeds the jurisdictional threshold." 135 S. Ct. 547, 554 (2014) (emphasis added).  Further, a removing defendant need not set forth evidence

-8-

establishing the amount in its notice of removal.  *See id.*; *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 922 (9th Cir. 2019) (holding that "a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements") (citing *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).

24.    In determining whether the amount in controversy is satisfied, the Court must presume plaintiffs will prevail on each and every one of their claims.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.* 31 F.3d 1092, 1096 (11th Cir. 1994) (the court's analysis presumes that "plaintiff prevails on liability"), *citing Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").  Thus, the argument and facts set forth may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied.  *Cohn v. Petsmart, Inc.* 281 F.3d 837, 843 n. 1 (9th Cir. 2002).

25.    Further, where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum.  *See Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 403-04.  That is, a plaintiff's failure to specify in the complaint the amount of damages he or she seeks does not deprive this Court of jurisdiction.  *See, e.g.*, *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove a suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim").  The Ninth Circuit has concluded that "[n]otice of removability under 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.  *Harris v. Bankers Life and Casualty*

DEFENDANT'S NOTICE OF REMOVAL

*Co*. 425 F.3d 689, 694 (9th Cir. 2005).  Therefore, Zara need only show that there is "a reasonable probability that the stakes exceed" $5,000,000.  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).  Zara is not obligated to "research, state, and prove the plaintiff's claims for damages."  *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

26.    Without making an admission of liability or damages with respect to any aspects of this case or the proper legal test(s) applicable to Plaintiff's allegations on behalf of himself and the putative class, the amount in controversy exceeds the $5,000,000 jurisdictional minimum under CAFA as detailed below.  Zara provides the following calculations only to demonstrate that the amount in controversy in this case easily exceeds the jurisdictional requirement.  Zara does not waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiff prevail with respect to any of his claims.

**AMOUNT IN CONTROVERSY UNDER CAFA –**
**CAUSES OF ACTION 1-6 AND 11**

27.    Here, the amount in controversy causes of action 1-6 and 11 alone sufficiently exceed $5,000,000, based on the following:

a.    The eleventh cause of action alleges that Zara violated California Business and Professions Code section 17200 *et seq.*  (Compl. 32-33 ¶¶ 122-34.)  Plaintiff alleges that Plaintiff and the putative class are entitled to restitution of monies due as a result of the unlawful and unfair conduct identified in the first through sixth causes of action.  (Compl. 32-33 ¶¶ 126-128.)

b.    The statutes of limitations for the California Labor Code violations asserted in Plaintiff's claims permit those claims to date back up to four years prior to the filing of the Complaint.  *See* Cal. Bus. & Prof. Code § 17208; *Deutsch v. Turner Corp.*, 324 F.3d 692, 717 (9th Cir. 2003) (recognizing that the statute of limitations

-10-

for claims under section 17200 is four years); *Cazares v. Household Fin. Corp.*, 2005 WL 6418178, at *13 (C.D. Cal. July 26, 2005). Accordingly, the relevant period for the first through fourth and eleventh causes of action is December 10, 2015 through the present. (*See* Compl. at 12 ¶ 13.)

c.   Zara's records show that it employed approximately 6,206 non-exempt employees within the State of California between December 10, 2015 and December 10, 2019. (Pena Decl., ¶ 5.)

d.   Zara's records show that it employed approximately 4,930 non-exempt employees within the State of California between December 10, 2018 and December 10, 2019. (Pena Decl., ¶ 7.)

e.   Zara's records show that 3,716 non-exempt employees were separated on or after December 10, 2016. (*Id.*) (Pena Decl., ¶ 6.)

f.   Zara's records show that the estimated average regular hourly rate paid to the putative class members in California was $15.07, yielding an average overtime rate of $22.61. (Pena Decl., ¶ 10.)

g.   Zara's records show that the putative class members in California worked approximately 300,126 unique workweeks during the putative class period between December 10, 2015 and December 10, 2019. (Pena Decl., ¶ 5.)

28.   **Alleged Failure to Pay All Overtime Wages**: The first cause of action alleges Zara failed to pay Plaintiff and the putative class regular and overtime wages for all hours worked. (Compl. at 16-17 ¶¶ 22-29.) Plaintiff alleges that Zara "implemented policies that actively prevented employees from being compensated for all time worked by subjecting employees to 'off the clock' work and shift splitting." (Compl. at 16 ¶ 23.) More specifically, Plaintiff alleges that Zara required Plaintiff and the members of the Plaintiff class to wait to be released at the end of a closing shift. (Compl. at 16 ¶ 24.) "During week days, Plaintiff would have to wait

-11-

approximately five (5) minutes, and during weekend shifts, Friday to Sunday, it would take approximately twenty (20) minutes for a manager to let him out." (*Id.*) The Ninth Circuit has held it is reasonable to assume a violation rate between 25% to 60% where a complaint alleges a "pattern and practice." *Ibarra*, 775 F.3d at 1198-99. In the Central District of California, a violation rate of one to two hours of off-the-clock work was deemed reasonable based on allegations that the violations occurred "as matter of policy and/or practice." *See Andrade v. Beacon Sales Acquisition, Inc.*, 2019 WL 4855997, at *3 (C.D. Cal. Oct. 1, 2019); *see also Cavada v. Inter-Continental Hotels Group, Inc.*, 2019 WL 5677846, at *5 (S.D. Cal. Nov. 1, 2019) (approving a violation rate of two hours of uncompensated overtime per work week).

29. Under California Labor Code section 1194, employees are entitled to receive the unpaid balance of the full amount of minimum wage or overtime compensation. *See* Cal. Lab. Code § 1194(a). Here, given that the Central District of California has approved at least a one hour violation rate where the violations allegedly occurred as a matter of policy or practice, and assuming that Plaintiff's allegations of off the clock wait time would be approximately an hour per workweek (the sum of waiting time for 2 weekend and 3 weekday shifts) for each putative class member who worked during the prior four years of $22.61, and assuming that each putative class member worked only one hour of uncompensated overtime per week during the 300,126 work weeks, the amount in controversy for the unpaid overtime wage portion alone under the first cause of action is **$6,785,848.86** ($22.61 (average overtime rate) x 300,126 (work weeks) x 1 hour). Therefore, the amount in controversy exceeds $5,000,000 on Plaintiff's first cause of action alone.

30. **Alleged Failure to Provide Meal Periods**: The second cause of action alleges Zara failed to provide Plaintiff and the putative class with meal periods. (Compl. at 17-18 ¶¶ 30-38.) Plaintiff alleges that due to Zara's staffing models and budgets, Zara "routinely failed to provide meal periods in compliance with California law and failed to pay Plaintiff and the Class members the full statutory penalty for all

DEFENDANT'S NOTICE OF REMOVAL

missed meal periods." (Compl. at 18 ¶ 35.) Because Plaintiff alleges the failure to provide meal periods was routine, it is reasonable to assume a violation rate between 25% to 60% where a complaint alleges a "pattern and practice." *Ibarra*, 775 F.3d at 1198-99. If an employer fails to provide meal periods, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal [] period is not provided." Cal. Lab. Code § 226.7. Conservatively estimating that non-exempt employees missed only one meal period per week, this cause of action places in controversy approximately **$4,522,898.92** ($15.07 (average hourly rate) x 1 missed meal period x 300,126 (work weeks)).

31.     **Alleged Failure to Provide Rest Breaks:** The third cause of action alleges Zara failed to provide Plaintiff and the putative class with rest breaks. (Compl. at 18-19 ¶¶ 39-44.) Plaintiff alleges that due to "systemic understaffing," Zara "failed to provide Plaintiff and Class Members the full ten (10) minutes of rest time prescribed by law." (Compl. at 19 ¶ 43.) More specifically, "Plaintiff alleges that on several occasions he was completely denied rest breaks, as he was told the store was very busy and they were short staffed, and "that when he requested his breaks, he was always told he could take them 'later' however, he was never actually provided a break 'later.'" (*Id.*) If an employer fails to provide rest breaks, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Cal. Lab. Code § 226.7; *Ferra v. Loews Hollywood Hotel, LLC*, 40 Cal. App. 5th 1239, 1247-48 (2019). California district courts have held that it is reasonable to assume a violation rate of 25-50% where the Complaint alleges a "policy and practice" of missed rest periods. *See Olson v. Becton, Dickinson & Co.*, 2019 WL 4673329, at *4 (S.D. Cal. Sept. 25, 2019) (finding a 25% violation rate for missed rest periods reasonable); *Elizarraz v. United Rentals, Inc.*, 2019 WL 1553664, at *3-4 (C.D. Cal. Apr. 9, 2019) (finding a 25% violation rate for rest periods reasonable); *Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151 (S.D. Cal. 2018) (finding a 30% violation

rate for missed rest periods reasonable); *Oda v. Gucci Am., Inc.*, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (finding a 50% violation rate for missed rest periods reasonable). Using the California District Court's approved 30% violation rate, and, therefore, assuming that putative class members missed 3 rest breaks per work week, the amount in controversy on the rest break claim alone **$13,568,696.46** ($15.07 (average hourly rate) x 3 missed rest breaks x 300,126 (work weeks)). Therefore, the amount in controversy exceeds $5,000,000 on Plaintiff's rest break claim alone.

32. **Alleged Waiting Time Penalties**: The fourth cause of action alleges that Zara failed to pay Plaintiff and the putative class all wages due at the time of termination. (Compl. at 19-20 ¶¶ 45-51.) Plaintiff alleges that "[a]s a pattern and practice, Defendant regularly failed to pay Plaintiff and the members of the Terminated Sub Class their final wages," including "time spent 'off the clock' and compensation that should have been paid due to missed meal and rest breaks." (Compl. at 19-20 ¶¶ 47-48.) More specifically, Plaintiff alleges that his "termination date was on November 27, 2017, and he did not receive pay until November 30, 2019 [sic] or December 8, 2018 (Defendant produced two earning statements)." (Compl. at 20 ¶ 49.) Under Labor Code section 203, employees who are not paid all wages due upon termination are entitled to a penalty equal to one day's wages for each day that the unpaid wages are late, up to a maximum of 30 days. Conservatively estimating that each former employee worked a regular shift of at least four hours and are entitled to the full 30-day penalty, Plaintiff's section 203 claim places approximately **$6,720,014.40** in controversy ($15.07 (average hourly rate) x 4 hours x 30 days x 3,716 former employees). Therefore, the amount in controversy exceeds $5,000,000 on Plaintiff's waiting time claim alone.

33. **Alleged Failure to Furnish an Accurate Itemized Wage Statement**: The fifth cause of action alleges that Zara failed to furnish Plaintiff and the putative class with accurate itemized employee wage statements provisions in compliance with California Labor Code section 226. (Compl. at 20-21 ¶¶ 52-57.) Plaintiff alleges that

-14-

Zara "failed to accurately represent the total hours worked by Plaintiff and Class Members in that all hours worked are not accurately reflected on their wage statements." (Compl. at 21 ¶ 54.)  Plaintiff also alleges that Zara "failed to provide Plaintiff with his last earnings statement" and that "Plaintiff had requested a copy, and Defendant still failed to provide him with his earnings statement." (Compl. at 21 ¶ 55.)  Section 226(e) provides for statutory damages for this alleged failure in the amount of $50 per employee for the initial pay period where the violation occurred, and $100 per employee for each subsequent pay period where a violation occurred, not to exceed a total of $4,000 per employee.  *See* Cal. Lab. Code § 226(e).  The statute of limitations on a wage statement claim is one year.  Cal. Civ. Proc. Code § 340(a).  In the one year prior to the filing of the Complaint, approximately 4,930 putative class members worked for Zara.  (Pena Decl., ¶ 7.)  California district courts have routinely held that a 100% violation rate is appropriate to assume for purposes of calculating the amount in controversy for Labor Code Section 226 violations.  *See Cavada*, 2019 WL 5677846, at * 6; *Nunes v. Home Depot U.S.A., Inc.*, 2019 WL 4316903, at *3 (E.D. Cal Sept. 12, 2019).  Assuming that Plaintiff's allegation that each class member's wage statements were deficient is true, and the Court were to accept the claim by Plaintiff that the maximum penalty of $4,000 should be awarded to each putative class member, the amount in controversy for such penalties alone would be **$19,720,000** (4,930 employees x $4,000 maximum penalty).  Therefore, the amount in controversy exceeds $5,000,000 on Plaintiff's waiting time claim alone.

34.  **Alleged Failure to Pay Split Shift Premium Pay**: The sixth cause of action alleges that Zara failed to pay Plaintiff and the putative class split shift premium pay.  (Compl. at 21-22 ¶¶ 55-61.)  Plaintiff alleges that Zara "routinely scheduled employees, including Plaintiff, to work 'doubles,' e.g., to work both the morning and evening shift in the same day," and "failed to pay Plaintiff and members of the putative class split shift premium pay." (Compl. at 21 ¶ 60.)  If an employee works two shifts separated by more than a rest or meal period, they are entitled to receive

one hour of pay at the minimum wage rate in addition to the minimum wage for that work day. *See* Cal. Code Regs., tit. 8, §11040, subd. 4(C). Conservatively estimating that Zara failed to pay non-exempt employees premium pay for one split shift per week, the sixth cause of action places in controversy approximately **$4,522,898.92** ($15.07 (average hourly rate) x 1 hour x 300,126 (work weeks)).

35.     Therefore, Plaintiff's California Labor Code violation claims clearly exceed the requisite amount in controversy of $5,000,000 under CAFA. Thus, Zara has provided below abbreviated explanations of the amount in controversy for the remaining causes of action.

## AMOUNT IN CONTROVERSY UNDER CAFA – REMAINING CAUSES OF ACTION 7-10 (FCRA, CCRAA, ICRAA, FLSA)

36.     **Violation of the FCRA**: The seventh cause of action alleges that Zara failed to provide Plaintiffs and the putative class with proper disclosures in violation of the Fair Credit Reporting Act ("FCRA"). (Compl. at 22-25 ¶¶ 62-76.) Statutory damages are awarded by the trier of fact within the range "of not less than $100 and not more than $1,000" per individual for willful violations. 15 U.S.C. § 1681n. Conservatively estimating that each of Zara's 28,077 non-exempt employees in the United States during the relevant time period, December 10, 2014 to December 10, 2019, authorized a background check and can be awarded the lowest amount of statutory damages per individual ($100), the amount in controversy for statutory damages alone would be **$2,807,700**.

37.     **Violation of the CCRAA**: The eighth cause of action alleges that Zara failed to provide Plaintiffs and the putative class with proper disclosures in violation of California's Consumer Credit Reporting Agencies Act ("CCRAA"). (Compl. at 25-26 ¶¶ 77-88.) Plaintiff may recover "[p]unitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper." Cal. Civil Code § 1785.31. Conservatively estimating that each of Zara's 7,108 non-exempt employees in California for the relevant time period,

December 10, 2012 to December 10, 2019, authorized a background check and can be awarded the lowest amount of statutory punitive damages per individual ($100), the amount in controversy for statutory damages alone would be **$710,800**.

38.    **Violation of the ICRAA**: The ninth cause of action alleges that Zara failed to provide Plaintiffs and the putative class with proper disclosures in violation of California's Investigative Consumer Reporting Agencies Act ("ICRAA"). (Compl. at 26-29 ¶¶ 89-102.)  The ICRAA provides that a defendant is liable to a consumer for "[a]ny actual damages sustained by the consumer as a result of the [defendant's] failure or, except in the case of class actions, ten thousand dollars ($10,000), whichever sum is greater."  Cal. Civ. Code § 1786.50(a)(1).  Because the ICRAA does not provide for the recovery of statutory damages on a class-wide basis, the maximum amount of  actual damages that Plaintiff may recover is **$10,000**.

39.    **Violation of the FLSA**: The tenth cause of action alleges Zara failed to include commission in overtime compensation in violation of Fair Labor Standards Act ("FLSA") section 207(i).  (Compl. at 29-32 ¶¶ 103-121.)  Plaintiff alleges that Zara "failed to include commissions when calculating the overtime rate for Plaintiff and the FLSA Plaintiff Class, and has failed to comply with the FLSA."  (Compl. at 30 ¶ 109.) Plaintiff alleges that he and the FLSA Plaintiff Class were subject to Zara's "common and uniform policy and practice of failing to pay for all actual time worked and wages earned, [and that Zara] failed to accurately record all hours worked." (Compl. at 30 ¶ 112.)  Plaintiff, on behalf of himself and the FLSA Plaintiff Class, seeks "overtime compensation as required by the FLSA for every hour of overtime in any workweek for which he was not compensated, compensation for miscalculation of overtime and straight time, plus liquidated damages, interest and statutory costs as provided by law."  (Compl. at 31-32 ¶ 120.)  An employer who willfully fails to make proper overtime payments under section 207 can be liable for unpaid overtime compensation and "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  Here, while Plaintiff has not articulated the amount of money he believes he,

or any putative FLSA class/collective members, are entitled to based on allegations that Zara failed to properly calculate the regular rate of pay, given the sheer number of workweeks at issue, 1,131,232, coupled with the potential overtime implications, plus potential backpay and liquidated damages, the amount in controversy on his FLSA claim well exceeds the $5 million threshold required under the CAFA.

40.    **Attorneys' Fees**: Further, the above calculations for each cause of action reach the jurisdictional threshold without including the unspecified amount of attorneys' fees which Plaintiff seeks. (*See* Compl. at 7 ¶ 25.)  In determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. § 1332(a), a court may also consider the aggregate value of claims for compensatory damages and attorneys' fees.  *See Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367, (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount).  The Court may examine the nature of the action and the relief sought and take judicial notice of attorneys' fee awards in similar cases.  *See Simmons v. PCR Technology* (N.D. Cal. 2002) 209 F. Supp. 2d 1029, 1035 (attorneys' fees in individual employment discrimination cases often exceed damages).  Furthermore, such fees are calculable beyond the time of removal.  *Id.* at 1035.

41.    Taking the aggregate damages, restitution and penalties sought, and an award of attorneys' fees, it is clear that there is "a reasonable probability that the stakes exceed" $5,000,000.  Therefore, the preponderance of the evidence is that the amount sought is substantially greater than the jurisdictional amount of $5 million required by the CAFA, and the amount in controversy requirement is met.

## EXCEPTIONS TO CAFA ARE NOT APPLICABLE HERE

42.    Further, while 28 U.S.C. § 1332(d)(3) and (4) recognize situations where the Court may or must decline jurisdiction despite the fact that the minimal diversity and the amount in controversy requirements of § 1332(d)(2) are satisfied, this case does not fall into either category because Zara is *not* a citizen of California.  *See* 28 U.S.C. §§ 1331(d)(3) (limiting discretionary declination of jurisdiction to situations

-18-

where "the primary defendants are citizens of the state where the action was originally filed") and 1331(d)(4)(A) (limiting mandatory local controversy declination to where "at least one defendant is . . . a citizen of the State in which the class action was filed"); *see also* 1331(d)(4)(B) (limiting mandatory home state controversy declination to cases where "the primary defendants are citizens of the State in which the action was originally filed"). Plaintiff bears the burden of establishing that any exceptions apply. *See Hart*, 457 F.3d at 681 (holding that "plaintiff has the burden of persuasion on the question whether home-state or local controversy exceptions apply").

## FEDERAL QUESTION JURISDICTION BASED ON THE FAIR LABOR STANDARDS ACT (29 U.S.C. §§ 201 *et seq.*)

43.     Plaintiff's tenth cause of action is brought pursuant to Sections 207(i) and 216(b) of the FLSA, 29 U.S.C. § 201, *et seq.* (Compl. at 29-32 ¶¶ 103-121.)

44.     This Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claim is founded on a claim or right arising under federal laws. Thus, Zara may properly remove this case pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."); and 15 U.S.C. § 1121(a) ("The district and territorial courts of the United States shall have original jurisdiction . . . of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties.").

## SUPPLEMENTAL JURISDICTION

45.     Plaintiff also asserts related wage claims under the California Labor Code, Industrial Welfare Commission Wage Orders, and California Business and Professions Code. (*See* Compl. at 15-22, 32-33, ¶¶ 21-61, 122-134.)

-19-

46.     Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's state law claims because they are substantially related to, and arise out of the same nucleus of operative facts as, Plaintiff's claim arising under the FLSA such that they should all be tried in one action. *See Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the Complaint. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966).

47.     In particular, Plaintiff's claims arise from, relate to, and emanate from Zara's alleged wage and hour practices relating to payment of its non-exempt employees. Specifically, Plaintiff's first cause of action alleges Zara failed to pay regular and overtime wages for all hours worked, which is also the basis for his claim pursuant to the FLSA. (*See* Compl. at 16-17 ¶¶ 22-29.) In Plaintiff's second, third, and sixth causes of action, Plaintiff alleges that Zara routinely failed to provide meal and rest periods and pay split shift premium pay in compliance with California law, which implicates whether Zara paid non-exempt employees for all hours worked. (Compl. at 18, 19, 21 ¶¶ 35, 43, 60.) Plaintiff's fourth and fifth causes of action also relate to whether Zara paid non-exempt employees for all hours worked. The eleventh cause of action alleges that Zara violated California Business and Professions Code section 17200 through the unlawful and unfair conduct identified in the first through sixth causes of action. (Compl. 32-33 ¶¶ 126-128.) Thus, considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the Complaint.

## DEFENSES

48.     Removal of this action does not waive Zara's ability to assert any and all defenses to this action, including but not limited to, all defenses in Zara's Answer.

WHEREFORE, Zara respectfully requests that the State Court Action be removed to the United States District Court for the Central District of California.

1 | Dated:  February 7, 2020

2 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4

5 | By _____
                    */s/ Adam R. Rosenthal*

6 | NANCY E. PRITIKIN
   | ADAM R. ROSENTHAL

7 | TYLER J. JOHNSON
   | ROBERT K. FOSTER

8 | Attorneys for
   | ZARA USA, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-21-

# EXHIBIT A

# EXHIBIT A



**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone:     (805) 270-7100
Facsimile:     (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
        kgrombacher@bradleygrombacher.com

Attorneys for Plaintiff, ANDREW SEDAGHATPOUR, individually
and on behalf of other individuals similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 10 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By: Isaac Lovo, Deputy

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## LOS ANGELES COUNTY

## 19STCV44243

| | |
|---|---|
| ANDREW SEDAGHATPOUR, individually and on behalf of other individuals similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ZARA USA, INC. a New York corporation, and DOES 1-100 inclusive,<br><br>Defendant. | **CASE NO.**<br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Failure to Pay all Wages and/or Overtime in Violation of California *Labor Code* §§ 204, 1194, 1194.2, 1197, 1197.1;**<br>2. **Missed Meal Breaks in Violation of California *Labor Code* §§ 200, 226.7, 512, and Wage Order No.7;**<br>3. **Missed Rest Breaks in Violation of California *Labor Code* §§ 200, 226.7, 512, and Wage Order No.7;**<br>4. **Failure to Pay All Wages Owed at Termination in Violation of California *Labor Code* § 203;**<br>5. **Failure to Furnish an Accurate, Itemized Wage Statement upon Payment of Wages in Violation of California *Labor Code* § 226;**<br>6. **Split Shift Premium Pay**<br>7. **Violation of 15 U.S.C §§ 1681(b)(2)(A) (Fair Credit Reporting Act);**<br>8. **Violation of California *Civil Code* § 1785 et seq. (Consumer Credit Reporting Agencies Act);**<br>9. **Violation of California *Civil Code* § 1786 et seq. (Investigative Consumer Reporting Act);**<br>10. **Violation of Fair Labor Standards Act; and**<br>11. **Violations of California *Business & Professions Code* §§ 17200, et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff ANDREW SEDAGHATPOUR, (hereinafter referred to as "Plaintiff"), hereby submits his Class Action Complaint against Defendant ZARA USA, INC. a New York corporation; and Does 1-100 (hereinafter collectively referred to as "Defendant") on behalf of himself and the class of all other similarly situated current and former employees of Defendant. Plaintiff brings this action upon information and belief, except as to his own actions, the investigation of his counsel, and the facts that are a matter of public record, as follows:

## INTRODUCTORY FACTUAL ALLEGATIONS

1.      This is a class action and Private Attorney General Act enforcement action challenging systemic illegal employment practices resulting in violations of the California *Labor Code*, California *Business and Professions Code,* and *Fair Credit Reporting Act* against employees of Defendant.

2.      Plaintiff seeks relief on behalf of himself and the members of the Plaintiff Class as a result of employment policies, practices and procedures more specifically described below, which violate the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards. Said employment policies, practices and procedures are generally described as follows:

      a.  Failure to pay Plaintiff and the members of the Plaintiff Class wages for all hours worked pursuant to California *Labor Code* §1194;

      b.  Failing to include all renumeration when calculating Plaintiff and the members of the Plaintiff Class' regular rate of pay for the purposes of paying overtime and/or double time;

      c.  Failure to provide Plaintiff and the members of the Plaintiff Class with timely rest and meal breaks in violation of California *Labor Code* §§ 200, 226.7, 512, and Wage Order No. 7);

      d.  Failure to pay Plaintiff and members of the Plaintiff Class all wages owed at termination in violation of California *Labor Code* §200-203;

      e.  Failure to pay Plaintiff and members of Plaintiff Class with appropriate paychecks;

2

f.  Failure to provide Plaintiff and members of Plaintiff Class with clear, stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates;

g.  Failure to identify the address, telephone number and/or website of the investigative consumer reporting agency conducting the investigation;

h.  Failure to comply with FCRA, ICRAA and CCRAA; and

i.  Failure to timely pay all wages due to Plaintiff and other employees upon termination or within 72 hours of resignation.

3.  Plaintiff is informed and believes, and based thereon alleges, Defendant has engaged in, among other things a system of willful violations of the California *Labor Code*, California *Business and Professions Code*, and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

4.  The policies, practices and customs of Defendant described above and below have resulted in unjust enrichment of Defendant and an unfair business advantage over businesses that routinely adhere to the structures of the California *Labor Code*, and California *Business and Professions Code*.

5.  Plaintiff alleges that on a routine basis, Defendant obtained credit reports to perform background checks on Plaintiff and other prospective employees and used that information in connection with the background checks without providing the proper disclosures and authorization in compliance with the law.

6.  This matter is brought as a class action pursuant to California *Code of Civil Procedure* §382, on behalf of Plaintiff and the Plaintiff Class, which is defined more specifically below, but which is comprised, generally, of all former and current employees of Defendant ZARA USA, INC. a New York corporation, who hold or held the job positions which Defendant classified as "non-exempt" at any of Defendant's facilities in California and throughout the United States.

7.  This Complaint alleges systematic violations of the California *Labor Code* (hereinafter, "*Labor Code*,") California *Business & Professions Code*, *Fair Credit Reporting Act* and *Consumer Credit Reporting Agencies Act*, and the *Investigative Consumer Agency* and is brought by Plaintiff on his own behalf and on behalf of the members of the Plaintiff Class.

3

8.     The California Plaintiff "Class Period" is defined as the period from four years prior to the filing of this action through and including the date judgment is rendered in this matter. Plaintiff herein reserves the right to amend this Complaint to reflect a different Class Period as discovery in this matter proceeds.

9.     The actions of Defendant are in violation of the California *Labor Code* as well as the wage orders of the Industrial Wage Commission of the State of California and, as a result, are unlawful and unfair acts, thus constituting a violation of California *Business & Professions Code* § 17200, et seq. (Unfair Practices Act).

10.     The policies, practices and customs of Defendant described above and herein have resulted in unjust enrichment of Defendant and an unfair business advantage over businesses that routinely adhere to the requirements of the California *Labor Code*, of the *Business & Professions Code*, and *Fair Credit Reporting Act.*

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this matter pursuant to the provisions of the California Labor Code. On information and belief, Defendant has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

12.     Venue is proper in Los Angeles County because the acts which give rise to this litigation occurred in this county and Defendant does business in Los Angeles County.

## THE PARTIES

13.     Plaintiff ANDREW SEDAGHATPOUR ("Plaintiff") is a resident of Los Angeles County, in the State of California. Plaintiff was employed by Defendant in Century City, California from approximately July 31, 2017 through November 24, 2017 as a "Sales Associate" in the men's department.

. 14.     ZARA USA, INC. is a New York corporation that conducts business in California.

15.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint

4

when the true names and capacities are known. Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

16.   At all times herein mentioned, Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

17.   Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

18.   At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

19.   At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts

5

and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

20.    The members of the Plaintiff Class, including the representative Plaintiff named herein, have been employed during the Class Period in California.    The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California and the United States.

## FACTUAL ALLEGATIONS

21.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

22.    Plaintiff and the members of the Plaintiff Class seek compensation from Defendant for the relevant time period because Defendant:

   a.  Failed to pay wages for all hours worked by Plaintiff and the members of the Plaintiff Class (California *Labor Code* §1194);

   b.  Failed to properly compensate overtime wages;

   c.  provide rest breaks;

   d.  Failed to provide meal breaks;

   e.  Failed to pay appropriate compensation for split shifts;

   f.  Failed to pay Plaintiff and the member of the Plaintiff Class all wages owed at termination;

   g.  Failed to provide Plaintiff and the members of Plaintiff Class with clear, standalone written disclosures before obtaining a credit or background report in compliance with the statutory mandates; and

   h.  Failed to comply with FCRA, ICRAA, CCRAA and FLSA.

23.    Defendant has engaged in, and continues to engage in, unfair business practices in California by practicing, employing and utilizing the employment practices and policies outlines above.

24.    Defendant's utilization of such unfair business practices deprives Plaintiff and Class members of the general minimum working standards and entitlements due to them under California law and the Industrial Welfare Commission wage orders as described herein.

6

1   25.   As a direct result of the wage and hour violations herein alleged, Plaintiff and members

2   of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and

3   enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to

4   compel Defendant to fully perform its obligations under state law, all to Plaintiff's respective damage

5   in amounts according to proof at the time of trial.

6   *Time Spent "Off the Clock"*

7   26. Defendant's policy and practice is to deny earned wages, including overtime pay, to its non-

8   exempt hourly employees at its retail store facilities throughout the country. In particular, Defendant

9   requires its employees to be present and perform work including work in excess of eight hours per

10  day and/or forty hours per work week but fails to pay them accordingly. These requirements include

11  requiring employees to wait in line and undergo two off-the-clock security bag searches and clearance

    checks when they leave for their meal breaks and after they have clocked out at the end of their shifts.

12  These "personal package and bag searches" are done for the sole benefit of Defendant; are a uniform

13  practice and policy in all Defendant's retail stores in California; and are not imposed on Defendant's

14  customers. This illegal practice and policy has been known to the Defendant for years and Defendant

15  continues to require employees to endure these required but uncompensated security check.

16  27. Additionally at the termination of their shift, Plaintiff and other members of the Plaintiff Class

17  were forced to wait after clocking out for managers to complete other tasks such as setting alarms,

18  locking doors, and inspecting the store. During week days, Plaintiff would wait for approximately five

19  (5) minutes for a manager to let him out, and during weekend shifts, Friday to Sunday, it would take

20  approximately twenty (20) minutes for a manager to let him out. Plaintiff would have to wait for the

21  women's department to finish cleaning before everyone in the store was able to leave. Similarly,

22  Defendant's opening procedures forced Plaintiff and members of the Settlement Class to wait off-the-

23  clock at the store's entrance during opening shifts for a second employee to arrive to enter the store

24  and required employees to engage in other opening procedures prior to clocking in.

25  *Defendant's Failure to Pay for All Hours Worked*

26  28. Defendant did not compensate aggrieved employees for all the minutes that they worked as

27  described above, including but not limited to the time that the employees were subject to the control

    and direction of Defendant; and/or the time that the employees were suffered or permitted to work.

28

7

29. Defendant, at all times relevant herein, has failed and refused to compensate Plaintiff and members of the Plaintiff Class all wages due to them by failing to pay for overtime and for time spent "off-the-clock." Therefore, Defendant has not paid all wages owed to Plaintiff and members of the Plaintiff Class.

30. Plaintiff also alleges that he and members of the Plaintiff Class regularly worked split shifts without proper compensation. Specifically, Plaintiff worked a split shift on August 31, 2017, however, Plaintiff did not receive a split shift premium for such shift.

***Defendant's Failure to Properly Calculate Overtime***

31.    Plaintiff and the members of the class were routinely paid commission as part of their compensation.

32.    Defendant regularly violated the Labor Code with respect to meeting the requirements of paying wages earned, including, commission, overtime, double-time and remuneration when calculating the employees' proper regular rate of pay, as herein before alleged.

33.    As a result of Defendant's failure to include all remuneration in the regular rate of pay for purposes of calculating overtime and/or double time pay, Plaintiff and other members of the class were not paid the correct premium overtime and/or double time rates for all overtime and/or double time hours worked.

***Defendant's Failure to Provide Rest Breaks***

34. At all times, relevant hereto, California *Labor Code* § 226.7 and IWC Wage Order, number 7, section 12, required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work or major fraction thereof, during which employees are relieved of all duty.

35. At all times, relevant hereto, California *Labor Code* § 226.7(b) and IWC Wage Order, number 7, section 12 required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period was not provided.

36. Plaintiff is informed and believes, and based thereon alleges, that Defendant failed and continues to fail to provide required rest breaks. Plaintiff alleges that on several occasions he was completely denied rest breaks, as he was told the store was very busy and they were

8

short staffed. Plaintiff also alleges that when he requested his breaks, he was always told he could take them "later" however, he was never actually provided a break "later."

37. Through his observations and discussions with his fellow employees Plaintiff came to understand that other employees were similarly denied breaks without proper compensation.

Thus, Plaintiff and other employees receive less than the required ten (10) minutes of rest. Throughout the Class Period, Plaintiff and the members of the Plaintiff Class were routinely denied the rest breaks they were entitled to under California law.

38. Defendant failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

*Defendant's Failure to Provide Meal Breaks*

39.   Plaintiff contends that when he and members of the Plaintiff Class worked shifts over five (5) hours or more in duration, Defendant routinely failed to provide meal breaks incompliance with State law.  Such violations included the complete failure to provide meal periods, as well as a failure to provide meal periods of thirty uninterrupted minutes in duration; and meal periods that commenced before the completion of the employee's fifth hour of work.  Plaintiff alleges that no compensation was paid for those types of violations. This is indicated on the Plaintiff's pay stubs.

40. Plaintiff alleges that throughout the Class Period, Defendants regularly:

a. Failed to provide Plaintiff and the members of the plaintiff class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

b. Failed to provide Plaintiff and the members of the plaintiff class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day; and

9

c. Failed to pay Plaintiff and the members of the plaintiff class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided.

41. For example, on August 17, 2017, Plaintiff's paystubs indicate he worked more than seven (7) hours, however, no meal break was provided. No premium pay was received.

**Defendant's Failure to Pay All Wages Due at Termination of Employment**

42. At all times, relevant hereto, California *Labor Code* § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California *Labor Code* § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California *Labor Code* § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

*43.* Defendant willfully and knowingly failed to pay Plaintiff and other members of the Plaintiff Class upon termination of employment all accrued compensation, including compensation required for missed rest and meal breaks.

*44.* Specifically, Plaintiff's termination date was on November 27, 2017, and he did not receive his final pay until November 30, 2019 or on December 8, 2017 (Defendant's earnings statements are inconsistent).

**Defendant's Failure to Provide Accurate Wage Statements**

1. Defendant failed to comply with California *Labor Code* Section 226(a) because the majority of wage statements do not specify the hourly rate for overtime. Additionally, Plaintiff's final wage statement does not include the dates worked, instead it only displays the pay date.

2. Plaintiff also alleges that he did not receive his last wage statement. Plaintiff also alleges that he had requested a copy from Defendant, and Defendant failed to respond to the request.

**Defendant's Violation of FCRA, CCRAA and ICRAA**

10

3.      Plaintiff alleges that the document provided to Plaintiff and members of the Plaintiff Class regarding background checks is not clear and conspicuous. Plaintiff alleges that when he and the members of the Plaintiff Class applied for a position with Defendant, they were asked to execute an authorization form so that Defendant could perform a background investigation. Plaintiff alleges that the form provided by Defendant for the background investigation does not comply with the laws detailed below in the body of the causes of action.

*Defendant's Violation of the Fair Labor Standards Act ("FLSA")*

4.      Defendant failed to comply with the FLSA because it failed to include commission within the calculation of overtime. Pursuant to the FLSA, any employee who works in excess of forty (40) hours per workweek is subject to overtime pay, which is at least one and one-half of the employee's regular rate. Regular rate includes commission, and Defendant failed to take into consideration employee's commission when calculating the overtime rate.

*Facts Regarding Willfulness*

5.      Plaintiff is informed and believes, and based thereon alleges, that Defendant is and was advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

6.      Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, Defendant had a consistent policy or practice of failing to compensate the Plaintiff Class members, including Plaintiff.

7.      Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendant knew or should have known, that the Plaintiff Class members, including Plaintiff, were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours or more, and that any failure to allow said breaks requires Defendant to pay the Plaintiff Class members, including Plaintiff, one (1) hour of wages per day for missed or on-duty rest breaks.

*Unfair Business Practices*

8.      Defendant has engaged in, and continues to engage in, unfair business practices in California by practicing, employing and utilizing the employment practices and policies outlined above.

11

CLASS ACTION COMPLAINT

9.      Defendant's utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendant's competitors.

10.     Defendant's utilization of such unfair business practices deprives Plaintiff and Class Members of the general minimum working standards and entitlements due them under California law and the Industrial Welfare Commission wage orders as described herein.

11.     As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under state law, all to Plaintiff's respective damage in amounts according to proof at the time of trial.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

13.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to California *Code of Civil Procedure* §382. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

**Plaintiff Class**

All persons who have been, or currently are, employed by Defendant and who held, or hold, job positions which Defendant has classified as "non-exempt" employees in the State of California. (The Class Period is defined as the period from four years prior to the filing of this action through and including the date judgment is rendered in this matter). The term "non-exempt employee" refers to those who Defendant has classified as non-exempt from the overtime wage provisions of the California *Labor Code*.

**Terminated Sub Class**

All members of the Plaintiff Class whose employment ended during the Class Period. (The Class Period is defined as the period from four years

12

prior to the filing of this action through and including the date judgment is rendered in this matter).

**FCRA Class:**

All individuals who applied for employment in the United States with Defendant for which background checks were performed beginning five (5) years prior to the filing of this action through the date judgment is rendered.

**CCRAA Class:**

All individuals who applied for employment in California with Defendant for which a background check was performed beginning seven (7) years prior to the filing of this action through the date judgment is entered.

**ICRAA Class:**

All individuals who applied for employment in California with Defendants beginning five (5) years prior to the filing of this action through the date judgment is entered.

**FLSA Class:**

All persons who were or are employed by Defendant as non-exempt employees in the United States within the applicable limitations period, which is three years preceding the filing of the original Complaint herein plus such additional time as may be provided pursuant to equitable tolling.

(hereinafter, "FLSA Class" or "FLSA Collective Class")

14.    The Plaintiff, Terminated Sub Class, FCRA, CCRAA, ICRAA and FLSA Classes are so numerous that the individual joinder of all members is impracticable. While the exact number and identification of the Plaintiff, Terminated Sub Class, FCRA, CCRAA, ICRAA and FLSA Class Members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendant, Plaintiff is informed and believes that the class includes potentially hundreds of members.

13

15.     Common questions of law and fact exist as to all Class Members, and predominate over any questions affecting solely individual members of the class. Among the questions of law and fact, that are relevant to the adjudication of class members claims are as follows:

a.     Whether Plaintiff and members of the Plaintiff Class are subject to and entitled to the benefits of California wage and hour statutes;

b.     Whether Defendant's policies resulted in a failure to pay all wages;

c.     Whether Defendant maintained accurate records of the hours worked by members of the Class in violation of California *Labor Code* §1174;

d.     Whether Defendant had a standard policy of adequate rest and meal breaks;

e.     Whether Defendant failed to comply with FCRA;

f.     Whether Defendant failed to comply with the CCRAA;

g.     Whether Defendant failed to comply with ICRAA;

h.     Whether Defendant failed to comply with FLSA;

i.     Whether Defendant willfully failed to provide Plaintiff and members of the Plaintiff Class with clear, stand-alone written disclosures before obtaining a credit or background report in compliance with statutory mandates;

j.     Whether Defendant unlawfully and/or willfully deprived Plaintiff and Class Members of rest and meal breaks, and pay for missed breaks pursuant to California *Labor Code* §§ 200, 226.7, 512, and Wage Order No. 7;

k.     Whether Defendant unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of California *Labor Code* §226;

l.     Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

m.     Whether the members of the Terminated Sub-Class that are no longer employed by the Defendant are entitled to penalties pursuant to California *Labor Code* §203;

n.     Whether Defendant's conduct as alleged herein violates the Unfair Business

14

Practices Act of California, *Bus. & Prof. Code* § 17200, *et seq.*

16.    The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff, Terminated Sub Class, FCRA and CCRAA Classes. Plaintiff and Class Members sustained losses, injuries and damages arising from Defendant's common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

17.    Plaintiff is an adequate representative of the proposed classes because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and his attorneys.

18.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

19.    The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California *Code of Civil Procedure* § 382 because:

a.    The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendant;

15

1    and

2    b.    The prosecution of separate actions by individual class members would also

3          create the risk of adjudications with respect to them that, as a practical matter,

4          would be dispositive of the interest of the other class members who are not a

5          party to such adjudications and would substantially impair or impede the ability

6          of such non-party class members to protect their interests.

7    20.    Plaintiff hereby incorporates each and every allegation contained above and realleges said

8    allegations as if fully set forth herein.

9                              **FIRST CAUSE OF ACTION**

10                             **FAILURE TO PAY ALL WAGES**

11            **(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

12   21.    Plaintiff incorporates herein by reference the allegations set forth above.

13   22.    At all times relevant herein, which comprise the time period not less than four (4) years

14   preceding the filing of this action, Defendant was required to compensate its hourly employees for all

15   hours worked upon reporting for work at the appointed time stated by the employer, pursuant to the

     Industrial Welfare Commission Orders and California *Labor Code* §§ 200, 226, 1197, and 1198.

16   23.    For at least the four (4) years preceding the filing of this action, Defendant failed to

17   compensate employees for all hours worked. Defendant implemented policies that actively prevented

18   employees from being compensated for all time worked by subjecting employees to "off the clock"

19   work and shift splitting.

20   24.    Time spent "off the clock" includes "lock-in" time spent waiting to be released from

21   work at the end of a closing shift. At the end of a closing shift a manager would have to let Plaintiff

22   and the members of the Plaintiff Class out.   During week days, Plaintiff would have to wait

23   approximately five (5) minutes, and during weekend shifts, Friday to Sunday, it would take

24   approximately twenty (20) minutes for a manager to let him out.

25   25.    Under the above-mentioned wage order and state regulations, Plaintiff and the Plaintiff

26   Class are entitled to recover compensation for all hours worked, but not paid, for the four (4) years

27   preceding the filing of this action, in addition to reasonable attorneys' fees and costs of suit in

28

                                           16

accordance with California *Labor Code* § 218.5, and penalties pursuant to California *Labor Code* §203 and 206.

26.     Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiffs and the Plaintiff Class for all wages earned and all hours worked, in violation of state law. As a direct result, Plaintiff and the Plaintiff Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligation under state law, in accordance with Plaintiffs and the Plaintiff Class' respective damage amounts according to proof at time of trial.

27.     Defendant committed such actions knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and the Plaintiff Class, from improper motives amounting to malice, and in conscious disregard of Plaintiff's and the Plaintiff Class' rights.

28.     Plaintiff and the Plaintiff Class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at the time of trial.

29.     As a proximate result of the above-mentioned violations. Plaintiff and the Plaintiff Class have been damaged in an amount according to proof at time of trial.

## SECOND CAUSE OF ACTION

## MISSED MEAL BREAKS IN VIOLATION OF

## CAL. *LABOR CODE* SECTIONS 200, 226.7, 512, AND WAGE ORDER NO. 7

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

30.     Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth herein, the allegations contained above.

31.     For at least the four (4) years preceding the filing of this action, Defendant failed to provide meal breaks as required by law.

32.     California *Labor Code* § 226.7(a) provides that: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

33.     California *Labor Code* § 512 provides that: "An employee may not employ an employee for a work period of more than five hours per day without providing the employee with a

17

meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

34. Additionally, when an employee works for a work period of more than five hours, a meal period must be provided no later than the end of the employee's fifth hour of work (in other words, no later than the start of the employee's sixth hour of work).

35. Due to Defendant's staffing models and budgets, Defendant routinely failed to provide meal periods in compliance with California law and failed to pay Plaintiff and the Class members the full statutory penalty for all missed meal periods.

36. Wage Order No. 7 Section 11(D) states "If an employer fails to provide an employee a meal period in the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation each day that the meal period is not provided."

37. Defendant's conduct described herein violates the Industrial Welfare Commission Order and California *Labor Code* §§ 226, 226.7, 512, and 1198.

38. As a proximate result of the aforementioned violations, Plaintiff and the Class Members have been damaged in an amount according to proof at time of trial and have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such monies, lost interest on such monies, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under state law. Plaintiff and the Class Members are thus entitled to recover nominal, actual, compensatory and exemplary damages in amount according to proof at time of trial.

**THIRD CAUSE OF ACTION**

**MISSED REST BREAKS IN VIOLATION OF**

**CAL. *LABOR CODE* SECTIONS 200, 226.7, 512, AND WAGE ORDER NO. 7**

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

39. Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth herein, the allegations contained above.

40. For at least the four (4) years preceding the filing of this action, Defendant failed to provide meal breaks as required by law.

18

41.     Wage Order No. 7 Section 12(A) states "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."

42.     Plaintiff and the Class Members are entitled to recover additional compensation for all rest periods that were missed, but not paid for, during the four (4) years preceding the filing of this Complaint, plus reasonable attorneys' fees and costs of suit pursuant to California *Labor Code* § 218.5 and penalties pursuant to California *Labor Code* § 226.7.

43.     Due to , *inter alia,* systemic understaffing, Defendant failed to provide Plaintiff and Class Members the full ten (10) minutes of rest time prescribed by law. For example, Plaintiff alleges that on several occasions he was completely denied rest breaks, as he was told the store was very busy and they were short staffed. Plaintiff also alleges that when he requested his breaks, he was always told he could take them "later" however, he was never actually provided a break "later."

44.     As a proximate result of the aforementioned violations, Plaintiff and the Class Members have been damaged in an amount according to proof at time of trial and have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such monies, lost interest on such monies, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under state law.  Plaintiff and the Class Members are thus entitled to recover nominal, actual, compensatory and exemplary damages in amount according to proof at time of trial.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY WAGES AT TIME OF TERMINATION

### IN VIOLATION OF CAL. *LABOR CODE* SECTIONS 201-203

**(By Plaintiff and Members of the Terminated Sub Class Against Defendant)**

45.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

46.     At all times, relevant herein, Defendant was required to pay its employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California *Labor Code* §§ 201-203.

47.     As a pattern and practice, Defendant regularly failed to pay Plaintiff and the members

19

1   of the Terminated Sub Class their final wages pursuant to California *Labor Code* §§ 201-203, and

2   accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

3       48.     These payments should include time spent "off the clock" and compensation that

4   should have been paid due to missed meal and rest breaks.

5       49.     Additionally, Plaintiff's termination date was on November 27, 2017, and he did not

6   receive his final pay until November 30, 2019 or December 8, 2017 (Defendant produced two earnings

7   statements).

8       50.     The conduct of Defendant and its agents and managerial employees as described herein

9   was willful, and in violation of the rights of Plaintiff and the individual members of the Terminated

10   Sub Class.

11       51.     Plaintiff is informed and believes, and based thereon alleges, that Defendant's willful

12   failure to pay wages due and owing upon separation from employment results in a continued payment

13   of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class

14   Members who have separated from employment are entitled to compensation pursuant to California

15   *Labor Code* § 203.

16

17                              **FIFTH CAUSE OF ACTION**

18      **FAILURE TO FURNISH AN ACCURATE ITEMIZED WAGE STATEMENT IN**

19             **VIOLATION OF CAL. *LABOR CODE* § 226**

20       **(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

21       52.     Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth

22   herein, the allegations contained above.

23       53.     California *Labor Code* § 226(a) sets forth reporting requirements for employers when

24   they pay wages, as follows: "[e]very employer shall ... at the time of each payment of wages, furnish

25   his or her employees ... an accurate itemized statement in writing showing (1) gross wages earned; (2)

26   total hours worked by the employee.... (5) net wages earned ... (8) the name and address of the legal

27   entity that is the employer... (9) all applicable hourly rates in effect during the pay period and the

28   corresponding number of hours worked at each hourly rate by the employee." (Emphasis added.)

Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

54.    Defendant failed to comply with California *Labor Code* Section 226(a) because Defendant failed to accurately represent the total hours worked by Plaintiff and Class Members in that all hours worked are not accurately reflected on their wage statements.

55.    Defendant also failed to provide Plaintiff with his last earnings statement. Plaintiff had requested a copy, and Defendant still failed to provide him with his earnings statement.

56.    Plaintiff and Class members were damaged by these failures because, among other things, the failures hindered Plaintiff and Class Members from determining the amounts of wages actually owed to them.

57.    Plaintiff and Class members request recovery of California *Labor Code* § 226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California *Labor Code* § 226(e), in a sum as provided by the *Labor Code* and/or other statutes.

## SIXTH CAUSE OF ACTION

## SPLIT SHIFT PREMIUM PAY

### (By Plaintiff and Members of the Terminated Sub Class Against all Defendants)

58.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

59.    Paragraph 2(R) of the Wage Order defines "split shift" as a work schedule which is interrupted by non-paid non-working periods established by the employer, other than bona fide rest or meal periods." Paragraph 4(C) requires that "[w]hen an employee works a split shift, one hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday."

60.    Specifically, Defendant routinely scheduled employees, including Plaintiff, to work "doubles," e.g., to work both the morning and evening shift in the same day. However, Defendant failed to pay Plaintiff and members of the putative class split shift premium pay.

21

61.     As a result of the wrongful and unlawful acts of Defendants alleged herein, Plaintiff and the Class members have been deprived of split shift premium pay in amounts to be determined, and are entitled to recovery of said amounts according to proof, interest thereon, injunctive relief, attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF FCRA

### 15 U.S.C. §§ 168lb(b)(2)(A), 1681g(c)(1)(B)

**(By Plaintiff and the FCRA Class Against Defendant)**

62.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

63.     Defendant are "persons" as defined by § 1681a(b) of the FCRA.

64.     Plaintiff and the members of the FCRA Class are "consumers" within the meaning of § 1681a(c) of the FCRA, because they are "individuals."

65.     Section 1681b(b) of the FCRA provides, in relevant part:

a.  Conditions for furnishing and using consumer reports for employment purposes

…

(2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i) *a clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in *a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii) the *consumer has authorized in writing* (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

(Emphasis Added).

(a) Section 1681d(a) provides, in relevant part:

Disclosure of fact of preparation

22

CLASS ACTION COMPLAINT

1

2

> A person may not procure or cause to be prepared an **investigative consumer report** on any consumer unless-
>
> (1) it is *clearly and accurately disclosed* to the consumer that an investigative consumer report including information as to her character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure
>
> (A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and
>
> (B) includes a statement informing the consumer of her right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to section 1681g(c) of this title;
>
> (Emphasis Added.)

66.     Plaintiff alleges, on information and belief, that Defendant as part of the application process for employment, required Plaintiff and the members of the FCRA Class to allow Defendant to procure or cause to be prepared background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(l)(B) and 15 U.S.C. § 1681a(e)).

67.     Plaintiff alleges that when he and the members of the FCRA Class applied for a position with Defendant they were asked to execute a disclosure and authorization form so that Defendant could perform a background investigation. Plaintiff alleges that the form provided by Defendant for the background investigation does not meet the required disclosures and explanation of rights as required. Specifically, there is a section that includes "State Law Notices." This section includes additional notices for Massachusetts, Minnesota, New Jersey, New York and Washington state.

68.     By including "State Law Notices" Defendant violated § 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and the members of the FCRA Class with a clear and conspicuous written disclosure, before a consumer report was procured or caused to be procured, in a document that consists solely of the disclosure.

69.     Upon information and belief, Defendant has a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring consumer reports or

23

causing consumer reports to be procured. Pursuant to that policy and practice, Defendant procured consumer reports or caused consumer reports to be procured for Plaintiff and the members of the FCRA Class without first providing adequate written disclosures in compliance with § 1681b(b)(2)(A) of the FCRA and the inclusion of a release and other extra information in violation of § 1681(b)(2)(A).

70.    Defendant violated § 1681d(a)(1) of the FCRA by failing to clearly and accurately disclose, in writing, that an investigative consumer report may be made.

71.    Pursuant to that policy and practice, Defendant procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and members of the FCRA Class, without providing a timely written summary of their rights under the FCRA.

72.    Accordingly, Defendant willfully violated and continues to violate the FCRA including, but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendant's willful conduct is reflected by, among other things, the facts set forth above.

73.    Defendants did not comply with Section 1681g(c)(1)(B)(i-vi) since the disclosures did not contain the right of a consumer to obtain a copy of the consumer report; frequency and circumstances under which a consumer is entitled to receive a consumer report without charge; right of consumer to dispute information; right of a consumer to obtain a credit score; the method by which a consumer can contact and obtain a consumer report from a consumer reporting agency without charge; and the method by which a consumer can contact and obtain the consumer report.

74.    As a result of Defendant's illegal procurement of credit and background reports by way of its inadequate disclosures as set forth above, Plaintiff and the members of the FCRA Class have been injured by, including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

75.    Plaintiff, on behalf of himself and the members of the FCRA Class, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

76.     In the alternative to Plaintiff's allegations that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 681o.

## EIGHTH CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURES IN VIOLATION OF CCRAA

## CAL. *CIVIL CODE* § 1785 et seq.

### (By Plaintiff and the CCRAA Class Against Defendant)

77.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

78.     Defendant is a "person" as defined by California *Civil Code* § 1785.30.

79.     Plaintiff and the members of the CCRAA define "consumer credit report" as any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.

80.     Section 1785.3(d) of the CCRAA defines "consumer credit reporting agency" as "any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes."

81.     Section 1785.3(f) of the CCRA defines "employment purposes," when used in connection with a consumer credit report, as "a report used for the purpose of evaluating a consumer for employment, promotion, reassignment, or retention as an employee."

82.     Section 1785.20.5(a) of the CCRAA requires that prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice that (1) identifies the specific basis under subdivision (a) of § 1024.5 of the *Labor Code* for use of the report; (2) informs the person of the source of the report; and (3) contains a box that the person may check off to receive

1  a copy of the credit report. The employer must provide the report to the applicant or employee

2  contemporaneously and at no charge.

3      83.    At all relevant times herein, Defendant willfully violated § 1785.20.5(a) of the CCRAA

4  because the Authorization Form does not contain a box that the Plaintiff or other Class Members may

5  check off to receive a copy of the credit report.

6      84.    Defendant willfully violated § 1785.20.5(a) of the CCRAA as to Plaintiff and the

7  members of the CCRAA Class.

8      85.    Accordingly, Defendant willfully violated and continues to violate the CCRAA

9  including, but not limited to § 1785.20.5(a). Defendant's willful conduct is reflected by, among other

10  things, the facts set forth above.

11      86.    As a result of Defendant's willful conduct as set forth above, Plaintiff and the

12  members of the CCRAA Class have been injured including, but not limited to, having their privacy

13  and statutory rights invaded in violation of the CCRAA.

14      87.    Plaintiff, on behalf of himself and the members of the CCRAA Class, seeks all

15  available remedies pursuant to California *Civil Code* §§ 1785.31(a)(1) including statutory damages

16  and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

17      88.    Alternatively, Plaintiff alleges that the violations were negligent and seeks the

18  appropriate remedy, if any, under California *Civil Code* § 785.31(a)(1).

19  ### NINTH CAUSE OF ACTION

20  ### FAILURE TO MAKE PROPER DISCLOSURES IN VIOLATION OF ICRAA

21  ### CAL. *CIVIL CODE* § 1786 *et seq.*

22  **(By Plaintiff and the ICRAA Class Against Defendant)**

23      89.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

24      90.    Defendants "persons" as defined by California *Civil Code* § 1786.2(a).

25      91.    Plaintiff and the members of the ICRAA Class are consumers within the meaning

26  California Civil Code § 1786.2(b), because they are natural individuals who have made application

27  to a "person" for employment purposes.

28

26

92.    Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

93.    Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

94.    Section 1786.16(a)(2)(B) provides, in relevant part:

(B) The person procuring or causing the report to be made provides a clear

and conspicuous disclosure in writing to the consumer at any time before the report

is procured or caused to be made in a document that consists solely of the

disclosure, that:

(i) An investigative consumer report may be obtained.

(ii) The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character,

general reputation, personal characteristics, and mode of living.

(iv) Identifies the name, address, and telephone number of the investigative

consumer reporting agency conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the

investigation requested, including a summary of the provisions of Section 1786.22.

(vi) Notifies the consumer of the Internet Web site address of the investigative

consumer reporting agency identified in clause (iv), number of the agency, where

the consumer may find information about the investigative reporting agency's

privacy practices.....(Emphasis added)

27

1   95.   Specifically, Plaintiff and the members of the FCRA Class were provided a document

2   pertaining to their Background Investigation when they were applying for a position of employment

3   with Defendants, on the job application.

4   96.   Accordingly, Defendants violated Section 1786.16(a)(2)(B) of the ICRAA by failing

5   to provide a clear and conspicuous disclosure in writing to Plaintiff and the members of the ICRAA

6   Class before an investigative report was procured.  As stated above, the disclosures contain extra

7   information that is not clear and unambiguous disclosures in stand-alone documents as required.

8   Further, Defendant did not provide the address and telephone number nor the Web site address of

9   the investigative consumer reporting agency conducting the investigation.

10   97.   The inclusion of "State Law Notices" makes the document not "clear and

11   conspicuous" as required and therefore Defendants willfully violated §§1786(a)(2)(B) and

12   1786.16(a)(2)(B) of the ICRAA.

13   98.   Upon information and belief, Defendants had and have a policy and practice of

14   procuring investigative consumer reports or causing investigative consumer reports to be procured

15   for applicants and employees without providing them a way to indicate on a written form, by means

16   of a box to check, that they wish to receive a copy of any report that is prepared. Pursuant to

17   Defendants' policy and practice, Defendants procured investigative consumer reports or caused

18   investigative consumer reports to be procured for Plaintiff and the members of the putative class

19   without first providing them written disclosures as required by §§1786(a)(2)(B) of the ICRAA.

20   99.   Accordingly, Defendants willfully violated and continues to violate the ICRAA

21   including, but not limited to Sections 1786(a)(2)(B). Defendants' willful or grossly negligent

22   conduct is reflected by, among other things, the facts set forth above.

23   100.   As a result of Defendants willful or grossly negligence as detailed above, Plaintiff

24   and the members of the ICRAA Class have been injured including, but not limited to, having their

25   privacy and statutory rights invaded in violation of the ICRAA.

26

27

28

28

1      101.   Plaintiff, on behalf of himself and the members of the ICRAA Class, seeks all

2  available remedies pursuant to California Civil Code § 1786.50 including statutory damages, actual

3  damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

4      102.   Plaintiff alternatively pleads that these violations were negligent and seeks the

5  appropriate remedy under California Civil Code §1786.50(a), including actual damages, attorneys'

6  fees and costs.

7                 **TENTH CAUSE OF ACTION**

8  **FAILURE TO INCLUDE COMMISSION IN OVERTIME COMPENSATION IN**

9         **VIOLATION OF THE *FAIR LABOR STANDARDS ACT***

10               **(By Plaintiff and the FLSA Plaintiff Class)**

11      103.   Plaintiff re-allege and incorporate all preceding paragraphs as though fully set forth

12  herein.

13      104.   The Fair Labor Standards Act, 29 U.S.C 201, et. seq., states that an employee must be

14  compensated for all hours worked, including straight time compensation and overtime compensation.

15  (29 C.F.R. §778.223 and 29 C.F.R. §778.315.)  This Court has concurrent jurisdiction over claims

16  involving the Fair Labor Standards Act pursuant to 29 U.S.C. §216

17      105.   Plaintiff also brings this lawsuit as a collective action under the Fair Standards Labor

18  Act, 29 U.S.C. §201, et. seq. (the "FLSA"), on behalf of all persons who were, are, or will be employed

19  by Defendant in an exempt hourly position during the period commencing three years prior to the

20  filing of this Complaint to and through a date of judgment, who performed work in excess of forty

21  (40) hours in one week and did not receive all compensation as required by the FLSA for the hours

22  worked. To the extent equitable, tolling operates to toll claims by the against the collective employees

23  against the Defendant, the collective statute of limitations should be adjusted accordingly.

24      106.   This Collective Action by similarly situated persons under 29 U.S.C. 216(b) is based

25  upon the failure of the named Defendant to include commission in the calculation for overtime and

26  applies to Plaintiff and the FLSA Plaintiff Class.

27

28

107.    FLSA §207 prescribes that any employee that works in excess of forty (40) hours per workweek must receive compensation for his employment in excess of the hours at a rate not less than one and one-half the regular rate.

108.    Section 207 (i) states that any employee working in excess of the applicable workweek is entitled to regular pay in excess of one and one-half. Further, subsection (e) states that regular rate is deemed to include all remuneration for employment paid to the employee. Thus, commissions are to be included when calculating the regular rate.

109.    Defendant failed to include commissions when calculating the overtime rate for Plaintiff and the FLSA Plaintiff Class, and has failed to comply with the FLSA.

110.    Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

      a.  Whether Defendant's policies and practices failed to accurately calculate the rate for overtime;

      b.  Whether Defendant failed to include all remuneration in calculating the appropriate rates for overtime;

      c.  Whether Defendant should be enjoined from continuing the practices which violate the FLSA; and

      d.  Whether Defendant is liable to the collective employees.

111.    The Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative Plaintiff because the claims of Plaintiff are similar to the claims of collective employees.

112.    Plaintiff and collective employees are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's common and uniform policy and practice of failing to pay for all actual time worked and wages earned, failed to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act

30

as enacted by the Secretary of Labor, and for failing to include all remuneration in calculating overtime rates of employees.

113.    Defendant are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. §203(b).

114.    29 U.S.C. §225 provides a three-year statute of limitations applies to willful violation of the FLSA. The conduct by Defendant which violated the FLSA was willful.

115.    Plaintiff and collective employees regularly worked in excess of forty (40) hours in a workweek. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., Plaintiff and the collective employees are entitled to compensation for all hours actually worked, and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

116.    Plaintiff and collective employees were all paid to Defendant on an hourly basis for the hours worked up to forty (40) in a workweek, but Plaintiff and collective employees worked more than forty (40) hours per workweek, and were not paid compensation for all hours worked, including overtime hours. Defendant also failed to pay Plaintiff, and collective employees, compensation for the hours they worked performing duties primarily for the benefit of the employer during meal and rest periods.

117.    For the purposes of the Fair Labor Standards Act, the employment practices of Defendant were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

118.    Defendant violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

119.    As a result of Defendant's failure to pay overtime compensation for hours worked, as required by the FLSA, Plaintiff and collective employees were damaged in an amount to be proved at trial.

120.    Plaintiff, therefore, demand that they and collective employees be paid overtime compensation as required by the FLSA for every hour of overtime in any workweek for which he was

31

1  not compensated, compensation for miscalculation of overtime and straight time, plus liquidated

2  damages, interest and statutory costs as provided by law.

3      121.    As a result of the willful actions of the named Defendant in reckless disregard of the

4  rights of the named Plaintiff and the FLSA Plaintiff Class, Plaintiff and the members of the FLSA

5  Class have suffered damages.

6                        **ELEVENTH CAUSE OF ACTION**

7                        **VIOLATIONS OF CALIFORNIA**

8              *__BUSINESS AND PROFESSIONS CODE § 17200, etc.__*

9          **(By Plaintiff and the Members of the Plaintiff Class, Against Defendant)**

10     122.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth

11  herein.

12     123.    Section 17200 of the California *Business and Professions Code* prohibits any unlawful,

13  unfair or fraudulent business act or practice.

14     124.    Plaintiff brings this cause of action in a representative capacity on behalf of the general

15  public and the persons affected by the unlawful and unfair conduct described herein.  Plaintiff and

16  members of the Plaintiff Class have suffered, and continue to suffer, injury in fact and monetary

17  damages because of Defendant's actions.

18     125.    The actions by Defendant as herein alleged amount to conduct which is unlawful and

19  a violation of law. As such, said conduct amounts to unfair business practices in violation of California

20  *Business and Professions* Code § 17200, *et seq*.

21     126.    Defendant's conduct as herein alleged has damaged Plaintiff and the members of the

22  Plaintiff Class by denying them wages due and payable, by failing to provide proper rest breaks, and

23  by failing to pay all wages due in a timely manner at the time of termination (for the Terminated Sub

24  Class). Defendant's actions are thus substantially injurious to Plaintiff and the members of the Plaintiff

25  Class, causing them injury in fact and loss of money.

26     127.    Because of such conduct, Defendant has unlawfully and unfairly obtained monies due

27  to the Plaintiff and the members of the Plaintiff Class.

28

CLASS ACTION COMPLAINT

128.   All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendant. The amount of wages due to Plaintiff and members of the Plaintiff Class can be readily determined from Defendant's records. The Class Members are entitled to restitution of monies due and obtained by Defendant during the Class Period as a result of Defendant's unlawful and unfair conduct.

129.   During the Class Period, Defendant committed, and continues to commit, acts of unfair competition as defined by § 17200, *et seq.*, of the *Business and Professions Code*, by and among other things, engaging in the acts and practices described above.

130.   Defendant's course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the *Business and Professions Code* in that it is fraudulent, improper and unfair.

131.   The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendant's policies and practices and therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of *Business and Professions Code* § 17200.

132.   Defendant's conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

133.   Defendant's course of conduct described herein further violates California *Business and Professions Code* § 17200 in that it is fraudulent, improper, and unfair.

134.   The unlawful, unfair, and fraudulent business practices and acts of Defendant as described herein-above have injured Plaintiff and members of the Plaintiff Class in that they were wrongfully denied the timely and full payment of wages due to them.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Class Members pray for judgment as follows:

1.   For an order certifying the proposed Plaintiff, Terminated Sub Class, FLSA, FCRA, CCRAA and ICRAA Classes;

33

CLASS ACTION COMPLAINT

2. An order that counsel for Plaintiff be appointed class counsel;

3. Certification of this class action on behalf of the proposed Plaintiff, Terminated Sub-Class, FLSA, FCRA, CCRAA, ICRAA Classes;

4. Designation of Plaintiff as the class representative of the Plaintiff, Terminated Sub Class, FLSA Class, FCRA Class, CCRAA class, and the ICRAA Class.

5. For restitution of all monies due to Plaintiff and the members of the Plaintiff Class and disgorgement of all profits from the unlawful business practices of Defendant;

6. A declaration that Defendant's practices violate the FCRA, FLSA, CCRAA and ICRAA;

7. Prejudgment and post judgment interest on all sums awarded

8. For compensatory damages;

9. For penalties pursuant to California *Labor Code* §§ 200, 226, 226.7, 226.3, 226.7;

10. For interest accrued to date;

11. For costs of suit and expenses incurred herein pursuant to California *Labor Code* §§ 226 and 1194;

12. For reasonable attorneys' fees pursuant to California *Labor Code* §§ 226, and 1194; and,

13. A declaratory judgment that Defendant has knowingly and intentionally violated the following provisions of law:

   a. California *Labor Code* § 226, by failing to provide the information required with each payment of wages;

   b. California *Labor Code* §§ 201-203 and 227.3 by failing to pay all wages when due and by willfully failing to make timely payment of the full wages due to workers who quit or have been discharged;

   c. California *Labor Code* § 226.7 by failing to provide rest and meal breaks mandated by law;

   d. the FLSA, 29 U.S.C. §207 (i), by failing to provide compensation at time and a half regular rate for work in excess of 40 hours per workweek;

34

1        e.   California *Business & Professions Code* §§ 17200-08 by violating the provisions

2           set forth herein above;

3     14.  For all such other and further relief that the Court may deem just and proper.

4

5  DATED: December 10, 2019          **BRADLEY/GROMBACHER, LLP**

6

7                     By: _____

                           Marcus J. Bradley, Esq.

8                         Kiley Lynn Grombacher, Esq.

                         Attorneys for Plaintiff

9

10                    **JURY DEMAND**

11

12    Plaintiff demands a trial by jury on all issues so triable as a matter of right.

13

14  DATED: December 10, 2019          **BRADLEY/GROMBACHER, LLP**

15

16                     By: _____

17                         Marcus J. Bradley, Esq.

                         Kiley L. Grombacher, Esq.

18                         Attorneys for Plaintiff

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Bradley/Grombacher, LLP<br>Kiley Lynn Grombacher   SBN 245960<br>31365 Oak Crest Drive, Suite 240<br>Westlake Village, CA 91301<br>TELEPHONE NO.: (805) 270-7100   FAX NO.: (805)270-7589<br>ATTORNEY FOR (Name): Andrew Sedaghatpour | To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.<br>County of Los Angeles<br>**DEC 1 0 2019**<br>Sherri R. Carter, Executive Officer/Clerk of Cour.<br>By: Isaac Lovo, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS:
MAILING ADDRESS: 111 N Hill St.
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Andrew Sedaghatpour v Zara USA Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 19STCV44243 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | **Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26) | |
| **Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | **Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition (not specified above) (43) |
| **Employment**<br>[ ] Wrongful termination (36)<br>[✓] Other employment (15) | | |

2. This case [✓] is [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): Eleven
5. This case [✓] is [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 10, 2019
Kiley Grombacher
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear This Form button after you have printed the form:

**Save This Form**   **Print This Form**   **Clear This Form**

| SHORT TITLE: Andrew Sedaghatpour vs. Zara USA, Inc., et. | CASE NUMBER 19STCV44243 |
|---|---|



# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE: Andrew Sedaghatpour vs. Zara USA, Inc., et. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

| SHORT TITLE: Andrew Sedaghatpour vs. Zara USA, Inc., et. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐　A6108　Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐　A6115　Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐　A6151　Writ - Administrative Mandamus<br>☐　A6152　Writ - Mandamus on Limited Court Case Matter<br>☐　A6153　Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐　A6150　Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐　A6003　Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐　A6007　Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐　A6006　Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐　A6035　Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐　A6036　Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐　A6014　Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐　A6141　Sister State Judgment<br>☐　A6160　Abstract of Judgment<br>☐　A6107　Confession of Judgment (non-domestic relations)<br>☐　A6140　Administrative Agency Award (not unpaid taxes)<br>☐　A6114　Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐　A6112　Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐　A6033　Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐　A6030　Declaratory Relief Only<br>☐　A6040　Injunctive Relief Only (not domestic/harassment)<br>☐　A6011　Other Commercial Complaint Case (non-tort/non-complex)<br>☐　A6000　Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐　A6113　Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐　A6121　Civil Harassment With Damages<br>☐　A6123　Workplace Harassment With Damages<br>☐　A6124　Elder/Dependent Adult Abuse Case With Damages<br>☐　A6190　Election Contest<br>☐　A6110　Petition for Change of Name/Change of Gender<br>☐　A6170　Petition for Relief from Late Claim Law<br>☐　A6100　Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Andrew Sedaghatpour vs. Zara USA, Inc., et. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: | |
|---|---|---|
| **CITY:** Los Angeles County | **STATE:** CA | **ZIP CODE:** |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Los Angeles _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 12/10/2019 _____

_____ (SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>12/10/2019 |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Isaac Lovo _____ Deputy |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>19STCV44243 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Maren Nelson | 17 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record          Sherri R. Carter, Executive Officer / Clerk of Court

on 12/10/2019 _____                                        By Isaac Lovo _____, Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# EXHIBIT B

# EXHIBIT B



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Zara USA, Inc. a New York Corporation, and DOES 1-100 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Andrew Sedaghatpour, individually and on behalf of other individuals similarly situated

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 10 2019

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* STANLEY MOSK JR
111 N. HILL St.
LOS ANGELES, CA 90012

</td><td>

**CASE NUMBER:** *(Número del Caso):*
**19STCV44243**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bradley/Grombacher, LLP, Kiley Grombacher 31365 Oak Crest Drive, Suite 240, Westlake Village, CA 91301

<table>
<tr>
<td>DATE: December 9, 2019<br>*(Fecha)* DEC 10 2019</td>
<td>SHERRI R. CARTER</td>
<td>Clerk, by<br>*(Secretario)* Isaac Lovo</td>
<td>, Deputy<br>*(Adjunto)*</td>
</tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

<table>
<tr><td>

[SEAL]

</td><td>

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ZARA USA, INC., A NEW YORK CORPORATION

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date)* 1/8/20

</td></tr>
</table>

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

# EXHIBIT C

# EXHIBIT C

FILED
Superior Court of California
County of Los Angeles

JAN 06 2020

SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK
BY _____ Deputy
MARIBEL MATA

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

ANDREW SEDAGHATPOUR

        Plaintiff,

   vs.

ZARA USA, INC.

        Defendant,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  19STCV44243

INITIAL STATUS CONFERENCE ORDER
(COMPLEX CASES AND CLASS
ACTIONS)

Dept. 17
Spring Street Courthouse
Hon. Maren E. Nelson

This case has been assigned, for all purposes, to the Complex Litigation Program, Department 17, Spring Street Courthouse (312 N. Spring Street, Los Angeles, CA 90012), Hon. Maren E. Nelson.

Pending further order, the following is ordered:

//

//

## I.    Immediate Stay in Proceedings to Facilitate Case Management

All proceedings, including motions and discovery, are stayed.  The stay precludes amendments to the pleadings, and the filing of answers, demurrers, motions to strike, and motions challenging jurisdiction.  It also stays all parties' obligations to respond to any discovery promulgated in the case to date.

Future stays imposed in this action for purposes of managing the case, including stays of discovery, do not affect the five year period in which cases shall be brought to trial under Code of Civil Procedure Section 583.310 unless the parties otherwise so stipulate in accordance with Section 583.330.

This stay is issued to assist in managing this "complex" case and to reduce litigation costs through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of this case. This stay shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this case; however, all outstanding discovery requests are stayed.

## II.    Initial Status Conference

Counsel for all parties shall appear in Department 17 **in person** for an Initial Status Conference ("ISC") on March 25, 2020 at 9:00 a.m.  Counsel attending the ISC or any other status conference should be fully familiar with the facts as then understood and be able to make binding agreements respecting case management.

Parties presently engaged in mediation or who have a secured a date with a mediator for mediation may stipulate to one continuance of the ISC, pro

1  vided they also agree upon an e-service provider, as set forth in Item 5, below, and

2  include the name of the provider in their Stipulation for Continuance.

3         At the ISC, the Court will discuss case management and invite the parties to

4  propose procedures to enhance efficiency and avoid duplicative or unnecessary

5  expenditures of time.  The Court is particularly interested in making early decisions on

6  any threshold or potentially dispositive issues as a means of enhancing the parties'

7  ability to assess the case.

8         At least 15 days prior to the ISC, all counsel shall meet together, in person, to

9  discuss case management.[1]  Plaintiff's counsel shall take the lead in preparing a joint

10  ISC Statement and ensuring that it is filed at least **five** court days prior to the ISC.   To

11  the extent the parties are unable to agree on a joint submission, each party may

12  separately present a brief statement of its position.  If any party who has been served

13  with this Order declines to participate, all other parties shall file an ISC statement.

14         The ISC Statement shall contain the following:

15

16         1.  A succinct description of the case to alert the Court to likely proceedings and

17         disputes, including a brief description of the matters at issue; important

18         contractual provisions, statutes, regulations, and affirmative defenses; and

19         pending appellate cases that may impact the action.  This discussion should

20         include any issues of jurisdiction, venue, contractual arbitration/judicial reference

21         that any party intends to raise and the meet and confer efforts to date on these

22         issues.  In class actions, counsel should address issues such as an agreement to

23

24

25

_____

    [1] If the travel time for an in-person meeting exceeds 90 minutes, counsel may participate by
telephone provided that they use technology allowing face-to-face communication.

share the cost of class notice/opt out procedures, the adequacy of class representatives, conflicts of interest among class representatives, and contractual arbitration provisions affecting jurisdiction.  In wage and hour actions a specific description of the employer's business, the nature of the employees' work, and a specific factual description of the alleged Labor Code violations should be included.

2.  Whether the action incorrectly identifies the name of any party and whether any party intends to add parties by way of amendment, cross-complaint, or the like.

3.  The names, addresses, telephone, email, and facsimile numbers of all counsel and the parties they represent.

4.  Any basis for the Court's recusal or disqualification.  Included should be the identity of entities or persons other than those shown in the pleadings that may have a significant financial or other interest in the proceedings.

5.   A joint recommendation for an e-service provider for inclusion in the Court's order for initiation of e-service.  The parties must employ an agreed e-service provider.  The parties shall identify the appointed e-service provider in the caption of each filing.

6.  A brief description of any related cases pending in other courts or anticipated for future filing.

7.  Whether there is insurance coverage for the dispute.

8.  A plan to preserve evidence, to deploy a uniform system for identification of documents, and to protect confidentiality by, for example, executing a protective order.

9. A discovery plan reflecting the parties' consideration of phased discovery, e.g., limiting initial discovery to a significant or dispositive issue as a predicate to an important early ruling or meaningful participation in an early mediation.   In class actions, the parties should address whether discovery should initially be limited to class certification issues.

10. Where appropriate, the parties should outline a process for managing discovery of electronically stored information (ESI) by, for example, scheduling a meeting among counsel and the parties' information technology consultants in order to address (1) the information management systems employed by the parties; (2) the location and custodian(s) of information likely to be subject to production (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; and (5) appropriate search criteria for focused requests.

11. All discovery disputes shall be resolved by reference to the Code of Civil Procedure, unless otherwise stipulated.  Counsel shall advise whether they wish to enter into stipulations to resolve discovery disputes such as:

    i.   Agreeing to meet and confer in person (after exchanging correspondence articulating each side's position) in an effort to narrow the issues in dispute;

    ii.  Extending deadlines for filing motions to compel in favor of jointly scheduling an informal discovery conference in an effort to achieve a mediated solution;

iii.   Structuring discovery motions as joint statements presenting each side's position on jointly identified issues.

In the ordinary course discovery motions will not be heard without an Informal Discovery Conference (IDC) pursuant to Cal. Code of Civ. Pro. § 2016.080. Counsel may arrange for an IDC by jointly posting a request on the e-service provider's message board or by filing LACIV094. Specific direction as to the matters to be provided to the Court for the IDC and the timing of same will be given at the time the IDC is arranged and may vary depending on the nature of the dispute. Unless otherwise ordered IDC are held by telephone and off the record.

12. Any proposed mechanism and the timing of mediation and/or mandatory settlement conferences to assist in resolution of the case.

13. Any issues regarding publicity which the Court should consider.

14. Recommended dates and times for trial, motions for class certification, alternative dispute resolution, and deadlines (and proposed briefing schedules) for other anticipated motions.

15. A recommended date for the next Status Conference.

## III.   Reminders And Other Information

(1) Counsel may secure dates for motions by calling the Courtroom Assistant at 213-310-7017. The Court expects counsel to have jointly discussed with the Court any contested motion before it is filed so that, if possible, the matter may be resolved or narrowed by agreement and an appropriate briefing schedule set. A request for pre-

filing conference may be made by posting to the message board provided by the e-service provider or by calling the courtroom.

(2) Counsel may appear by CourtCall for status conferences other than the ISC. Please use this device in a quiet place and note that a party speaking on CourtCall may not hear simultaneous speech in the courtroom.  Please speak slowly and pause frequently.

(3) Court reporters are not provided for hearings or trials.  The parties should make their own arrangements for any hearing where a transcript is desired.

(4) Tentative rulings, when made, will be available in the courtroom from the Judicial Assistant prior to hearing.  Counsel should not expect tentative rulings to be made available electronically.

(5) It is the responsibility of all counsel to notify the Court promptly of any related case and to secure a ruling thereon. See Cal. Rules of Court, Rule 3.300 et. seq. This responsibility is on-going.

(6) Posting documents to the e-service provider does not constitute filing a document.  Pending further notice, the parties must physically deliver a copy to be filed at the filing window, courtroom, or file by facsimile.  All filings shall be at the Spring Street filing window located at the Mosk Courthouse, 111 N. Hill Street, Los Angeles CA.  Counsel must deliver a courtesy copy to the courtroom at Spring Street on the day of filing.  Filings will not be received at the Spring Street Courthouse except for same day ex parte applications and documents filed for trials in progress.  Further details are available on the Court's website.

(8) All counsel must serve by electronic service where an order for e-service has been made.

1     (9) If the e-service provider maintains a message board any message for the

2   Court should be joint and neutral in tone.

3     (10) Counsel desiring a protective order should consult the model on the court's

4   website and provide a redlined copy if deviations are made from same.

5     (11) The dismissal of a class action requires court approval. Cal. Rules of Court,

6   Rule 3.770(a). Counsel must submit a declaration setting forth, among other things, the

7   reasons why a party seeks a dismissal in a class action and any and all consideration

8   given in exchange for the dismissal.

9     (12) Settlement of claims filed under the Private Attorney General Act (PAGA)

10   (whether or not filed as part of a class action) require notice to the Labor and Workforce

11   Development Agency. Labor Code § 2699 (l)(2). Department 17 requires a noticed

12   hearing, with proof of service to LWDA and a proposed Order, to secure approval of the

13   settlement of a PAGA claim. If properly noticed and no timely opposition is filed, the

14   matter ordinarily will be treated as an unopposed motion which will be reviewed in

15   chambers and without the need for an appearance at the hearing by counsel. If the

16   matter is opposed, or counsel are otherwise notified by the Judicial Assistant, an

17   appearance is required. Settlements that include dismissal of a PAGA claim require

18   that the Court be advised of the specific terms of any release of the PAGA claim and the

19   consideration for same.

20     (13) To obtain approval of a class action settlement, the parties should adhere to

21   the Guidelines for Motions for Preliminary and Final Approval posted on the court's

22   website under Tools for Litigators. The Court requires counsel to address any fee

23   splitting arrangement(s) and to demonstrate compliance with California Rules of Court,

24   Rule 3.769, Rules of Professional Conduct, Rule 1.5.1, and *Mark v. Spencer* (2008) 166

25   Cal.App.4th 219.

## IV.    Notice of the ISC Order

Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or if counsel is not known, on each defendant within five (5) days of the date of this Order.  If the Complaint has not been served as of the date of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within five (5) days of the date of this Order.

Each as yet non-appearing defendant shall file a Notice of Appearance (identifying counsel by name, firm name, address, email address, telephone number and fax number).  The filing of a Notice of Appearance is without prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b) any affirmative defense, and (c) the filing of any cross-complaint in this action.

Date: 1/6/2020

_Maren E. Nelson_

Maren E. Nelson
Judge of the Superior Court

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 17

**19STCV44243**                                           January 6, 2020
**ANDREW SEDAGHATPOUR vs ZARA USA, INC.**                       3:14 PM

Judge: Honorable Maren Nelson          CSR: None
Judicial Assistant: M. Mata            ERM: None
Courtroom Assistant: None              Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances


**NATURE OF PROCEEDINGS:** Court Order

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 03/25/2020 at 09:00 AM in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 17

**19STCV44243**                                                    January 6, 2020
**ANDREW SEDAGHATPOUR vs ZARA USA, INC.**                          3:14 PM

Judge: Honorable Maren Nelson              CSR: None
Judicial Assistant: M. Mata                ERM: None
Courtroom Assistant: None                  Deputy Sheriff: None

All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

Certificate of Mailing is attached.

# EXHIBIT D

# EXHIBIT D

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Kiley Grombacher<br>Bradley/Grombacher, LLP<br>2815 Townsgate Road, Suite 130  Westlake Village, CA 91361<br><br>TELEPHONE NO.: (805) 270-7100 \| FAX NO. (805) 270-7589 \| E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff: Andrew Sedaghatpour | FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JAN 0 9 2020<br><br>Sherri R. Carter, Executive Officer/Clerk |

| LOS ANGELES COUNTY SUPERIOR COURT | |
|---|---|
| STREET ADDRESS: 111 NORTH HILL ST. | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: LOS ANGELES, CA 90012 | |
| BRANCH NAME: CENTRAL DISTRICT | |

| PLAINTIFF: Andrew Sedaghatpour | CASE NUMBER: |
|---|---|
| DEFENDANT: Zara USA, Inc. | 19STCV44243 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>20190910(ZARA) |
|---|---|

FAX FILE

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*: Civil Case Cover sheet; Civil case addendum; notice of case assignment; Voluntary efficient litigation
3. a. Party served *(specify name of party as shown on documents served)*:
   **ZARA USA, INC., A NEW YORK CORPORATION**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **BECKY DE GEORGE, Authorized to Accept for CSC-Lawyers Incorporating Service - Agent for Service**
4. Address where the party was served:   CSC - Lawyers Incorporating Service
   2710 Gateway Oaks Dr Ste 150N
   Sacramento, CA 95833-3502
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 1/8/2020   (2) at *(time)*: 3:15 PM

   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date)*: from *(city)*:                                   **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417 10
POS010-1/VN174043

PETITIONER: Andrew Sedaghatpour

RESPONDENT: Zara USA, Inc.

CASE NUMBER:

19STCV44243

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                            *(2) from (city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of: **ZARA USA, INC., A NEW YORK CORPORATION**
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)              ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                     ☐ other:

7. **Person who served papers**
a. Name: **Michael Van Hooser - Commercial Process Serving, Inc.**
b. Address: **674 County Square Drive, Suite 107 Ventura, CA 93003**
c. Telephone number: **(805) 650-9291**
d. The fee for service was:
e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
        (i) ☐ owner      ☐ employee    ☑ independent contractor.
        (ii) Registration No.: **2015-16**
        (iii) County: **Sacramento**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **1/8/2020**

**Commercial Process Serving, Inc.**
**674 County Square Drive, Suite 107**
**Ventura, CA 93003**
**(805) 650-9291**
**www.comproserve.net**

_____
**Michael Van Hooser**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)            (SIGNATURE)

# EXHIBIT E

# EXHIBIT E



1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2      Including Professional Corporations
   NANCY E. PRITIKIN, Cal. Bar No. 102392
3  npritikin@sheppardmullin.com
   379 Lytton Avenue
4  Palo Alto, California 94301-1479
   Telephone:    650.815.2600
5  Facsimile:    650.815.2601

6  ADAM R. ROSENTHAL, Cal. Bar No. 246722
   ROBERT K. FOSTER, Cal. Bar No. 329353
7  arosenthal@sheppardmullin.com
   rfoster@sheppardmullin.com
8  12275 El Camino Real, Suite 200
   San Diego, California 92130-2006
9  Telephone:    858.720.8900
   Facsimile:    858.509.3691
10
   Attorneys for Defendant
11 ZARA USA, INC.

12

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                    FOR THE COUNTY OF LOS ANGELES

15

16 ANDREW SEDAGHATPOUR, individually        Case No. 19STCV44243
   and on behalf of other individuals similarly
17 situated,                                **DEFENDANT ZARA USA, INC.'S**
                                            **ANSWER TO PLAINTIFF'S**
18            Plaintiff,                     **COMPLAINT**

19       v.                                 [Complaint Filed: December 10, 2019]

20 ZARA USA, Inc., a New York corporation;
   and DOES 1 to 100, inclusive,
21
              Defendant.
22

23

24

25

26

27

28

-1-

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 0 6 2020

Sherri R. Carter, executive officer/Clerk of Court
By_____, Deputy
Steven Drew

Defendant Zara USA, Inc. ("Defendant")) hereby answers Plaintiff Andrew Sedaghatpour's unverified Complaint ("Complaint") as follows:

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30(d), Defendant generally denies every allegation of Plaintiff's unverified Complaint. Defendant further denies, generally and specifically, that Plaintiff, or any member of the representative group, has been damaged in the amount alleged, or in any other sum, or at all, by reason of any act, omission to act, conduct or liability on the part of Defendant, or on the part of any of Defendant's agents, servants, employees, representatives or any other person or entity for whose acts Defendant is responsible.

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has any burden of proof, Defendant asserts the following affirmative and other defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Arbitration Agreement)

1.      Defendant alleges that the Complaint, and each and every purported cause of action set forth therein, are barred, in whole or in part, to the extent that Plaintiff and/or the putative class/collective members are subject to binding arbitration of their claims and have waived the right to bring such claims in court or as a putative class/collective action.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

2.      Defendant alleges that the Complaint, and each and every purported cause of action set forth therein, fails to state facts sufficient to constitute a cause of action against Defendant.

**THIRD AFFIRMATIVE DEFENSE**

**(Primary Jurisdiction Doctrine)**

3.      Defendant alleges that the Complaint, and each and every purported cause of action set forth therein, should be abated in the Court's discretion and Plaintiff should be ordered to pursue his/their administrative remedies with the Division of Labor Standards Enforcement and/or Workforce Development Agency, which have primary jurisdiction over some of these claims.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

4.      Defendant alleges that the Complaint, and each and every purported cause of action alleged therein, is barred by the applicable statutes of limitations, including but not limited to, California Code of Civil Procedure Sections 337, 338, 339, 340, 343, 1785.33, and 1786.52; Fair Credit Reporting Act, 15 U.S.C. § 1681p; California Business & Professions Code Section 17208; and Labor Code section 226(a), 2699, *et. seq*.

**FIFTH AFFIRMATIVE DEFENSE**

**(FCRA Compliance)**

5.      Defendant alleges that Defendant provided all required notices and in all instances complied with its obligations under the Fair Credit Reporting Act ("FCRA").

**SIXTH AFFIRMATIVE DEFENSE**

**(CCRAA Compliance)**

6.      Defendant alleges that Defendant provided all required notices and in all instances complied with its obligations under the California Consumer Reporting Agencies Act ("CCRAA").

**SEVENTH AFFIRMATIVE DEFENSE**

**(ICRAA Compliance)**

7.    Defendant alleges that Defendant provided all required notices and in all instances complied with its obligations under the Investigative Consumer Reporting Agencies Act ("ICRAA").

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

8.    Defendant is informed and believes, and based upon such information and belief alleges, that the Complaint, and each and every purported cause of action alleged therein, is barred by the doctrine of laches, in that Plaintiff unreasonably delayed in bringing the action because they did not act within a reasonable time in seeking the wages, expenses and penalties at issue, or otherwise reporting any alleged violation of wage and hour laws, and have unreasonably delayed in the filing of this lawsuit, causing Defendant to suffer prejudice.

**NINTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

9.    Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff's claims are barred for the reason that, by his actions, Plaintiff is estopped from bringing any cause of action.

**TENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

10.    Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff has waived some or all of the causes of action asserted in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Consent)

11.     Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff's claims against Defendant are barred, in whole or in part, because any alleged actions made by Defendant were consented to by Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

12.     Defendant is informed and believes, and based upon such information and belief alleges, that the Complaint, and each purported cause of action alleged therein, is barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

13.     Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff lacks standing to assert each and every one of the causes of action alleged in the Complaint and lacks standing to represent the putative class/collective.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Representative Action)

14.     The Complaint does not state facts sufficient to permit Plaintiff to proceed on behalf of others in a representative capacity under the Private Attorneys General Act ("PAGA").

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Non-Certifiable Class/Collective)

15.     The Complaint does not state facts sufficient to certify a class/collective action because individual questions of fact and law predominate over common questions, Plaintiff's claims are not typical of those belonging to the putative class/collective members, Plaintiff and his

counsel are not adequate to represent the proposed class/collective, the proposed class/collective is not sufficiently numerous, the class/collective action device is not superior or manageable in this action, other class/collective requirements cannot be satisfied, and/or class/collective certification would violate Defendant's rights afforded to it by the California Constitution and the United States Constitution including but not limited to the right to due process. Accordingly, this action is not properly brought as a class/collective action.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply With Employer Instructions)

16.    Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff's claims, and those of any putative class/collective members, are barred by their own breach of the duties owed to Defendants under California Labor Code section 2854, 2856, 2857, 2858 and/or 2859

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Willful Violation)

17.    Plaintiff's claims, or parts thereof, are barred because Plaintiff is not entitled to any penalty award under section 203 of the Labor Code since, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of Labor Code sections 200 *et seq.*, but rather acted in good faith and had reasonable grounds for believing that it did not violate the provisions of the Labor Code or the applicable Industrial Welfare Commission Wage Order.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Misrepresentation)

18.    Plaintiff's claims are barred, in whole or in part, because in doing the things alleged in the Complaint, Defendant acted in reliance on misrepresentations by Plaintiff and the

1  representative group members, including but not limited to misrepresentations regarding meal
2  periods, rest breaks, and hours worked.

3

4  ### NINETEENTH AFFIRMATIVE DEFENSE

5  ### (Justification)

6  19.    Defendant alleges any acts alleged to have been committed by Defendant were
7  committed in the exercise of good faith, with probable cause, were not arbitrary or capricious,
8  were based upon legitimate reasons, and were reasonable and justified under the circumstances.

9

10  ### TWENTIETH AFFIRMATIVE DEFENSE

11  ### (*De Minimis* Activities)

12  20.    Defendant is informed and believes, and based upon such information and belief
13  alleges, that the Complaint and each purported cause of action alleged therein, is barred because,
14  assuming *arguendo* that Plaintiff was not compensated for all hours worked, any such work was
15  *de minimis* and therefore not compensable.

16

17  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

18  ### (Irreparable Harm)

19  21.    Plaintiff's claim for declaratory or other equitable relief, and the claims of the
20  putative class/collective members, are barred in light of the fact that Plaintiff and members of the
21  putative class/collective have not suffered and will not suffer irreparable harm due to any alleged
22  conduct by Defendant.

23

24  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

25  ### (Penalties Unconstitutional – Due Process and Separation of Powers)

26  22.    The penalties sought in Plaintiff's Complaint violate the Due Process and
27  Separation of Powers Clauses of the United States and California Constitutions. *See, e.g. Lockyer*
28  *v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal. 4th 707.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

23.     Defendant is informed and believes and based on such information and belief, alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the doctrine of avoidable consequences.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Unknown Conduct)

24.     Defendant alleges that the Complaint, and each and every purported cause of action set forth therein, cannot be maintained against Defendant because if Defendant's employees took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Defendant, and Defendant did not know of nor should Defendant have known of such conduct.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Set-Off/Offset/Recoupment)

25.     The Complaint, and each and every purported cause of action alleged therein, is subject to setoff, offset and/or recoupment to the extent Plaintiff and/or the putative class/collective have already been compensated for the hours worked and expenses for which they seek compensation here.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Bona Fide Dispute)

26.     Defendant alleges there exists a *bona fide* dispute as to whether any further compensation is actually due to Plaintiff and/or the putative class/collective members and, if so, the amount thereof.

ANSWER TO PLAINTIFF'S COMPLAINT

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Labor Code § 203 – No Willful or Intentional Violation)

27.     Defendant alleges that, even assuming *arguendo* Plaintiff and/or the putative class/collective members are entitled to any additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation to Plaintiff and/or the putative class/collective members, within the meaning and scope of California Labor Code section 203.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Labor Code § 226 – No Knowing and Intentional Failure)

28.     Defendant alleges that, even assuming *arguendo* Plaintiff and/or the putative class/collective members were not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative class/collective members are not entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure."

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Labor Code § 226 – Clerical Error / Inadvertent Mistake)

29.     Defendant is informed and believes and based on such information and belief, alleges, that, even assuming *arguendo* Plaintiff and/or the putative class/collective were entitled to receive itemized wage statements and were not provided with a proper itemized statement of wages and deductions, Plaintiff and/or the putative class/collective should not recover damages or penalties because Defendant's alleged failure to comply with California Labor Code section 226(a) was the result of clerical error or inadvertent mistake. Labor Code § 226.3.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Labor Code § 226 – No Injury)

30.     Defendant alleges that Plaintiffs and members of the purported class/collective have not suffered any injury or damage whatsoever because the information contained on wage

-9-

statements as required by Labor Code section 226 may be promptly and easily ascertained without reference to other documents or information.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Specificity)

31.    Defendant alleges Plaintiff has failed to allege special damages with requisite specificity.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Res Judicata, Bar and Merger, Settlement/Release)

32.    The causes of action set forth in the Complaint, and each and every purported cause of action set forth therein, are subject to settlement/release agreements, which constitute a complete or partial bar to the present action, and/or the doctrine of res judicata.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Collateral Estoppel)

33.    Defendant alleges that Plaintiff's Complaint is barred, in whole or in part, by the doctrine of collateral estoppel.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

34.    Defendant alleges Plaintiff and/or the putative class/collective members are not entitled to equitable relief insofar as they have adequate remedies at law.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Unconstitutional Wage Order)

35.    Defendant alleges that the Complaint and each cause of action therein, are barred because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally

-10-

1   vague and ambiguous and violate Defendant's rights under the United States Constitution and the

2   California Constitution as to, among other things, due process of law.

3

4               **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

5               **(No Liquidated Damages – Good Faith Dispute)**

6        36.    Defendant is informed and believes, and based upon such information and belief

7   alleges, that any alleged violation Labor Code or an Order of the Industrial Welfare Commission

8   was an act or omission made in good faith and Defendant had reasonable grounds for believing

9   that its wage payment practices complied with applicable laws and that any such act or omission

10  was not a violation of the Labor Code or any Order of the Industrial Welfare Commission such

11  that Plaintiff and/or the putative class/collective members are not entitled to any penalties or

12  damages in excess of any wages/overtime which might be found to be due.  Specifically, Plaintiff

13  and/or the putative class members cannot recover Labor Code Section 1194.2 liquidated damages,

14  because any alleged failure to pay minimum wages due was in good faith and based on a

15  reasonable ground for believe that the alleged acts or omissions were not a violation of any

16  provision of the California Labor Code relating to a minimum wage.

17

18              **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

19              **(No Harm Suffered)**

20       37.    Defendant is informed and believes, and based upon such information and belief

21  alleges, that Plaintiff has not suffered and will not suffer irreparable harm or any harm as a result

22  of any of the alleged conduct of Defendant.

23

24              **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

25              **(Failure by Plaintiffs to Follow Directions)**

26       38.    Defendant alleges that it is informed and believes that a reasonable opportunity for

27  investigation and discovery will reveal, and on that basis alleges, that any failure to comply with

28

-11-

1  Defendant's work-time recording polices and requirements, was the result of failure by Plaintiffs

2  and/or the putative class/collective members, to follow Defendant's reasonable instructions.

3

4  **THIRTY-NINTH AFFIRMATIVE DEFENSE**

5  **(Preemption)**

6  39.   Defendant alleges that to the extent Plaintiff's claims involve conduct that is, or

7  seeks remedies that are, governed or regulated by federal law, such claims are preempted.

8  Defendant further asserts that Plaintiff's claims are preempted by California statute.

9

10  **FORTIETH AFFIRMATIVE DEFENSE**

11  **(Failure to Exhaust Administrative Remedies)**

12  40.   The Complaint, and each purported cause of action alleged therein, is barred to the

13  extent Plaintiff and the putative class/collective members failed to pursue administrative remedies

14  with the California Division of Labor Standards Enforcement, the Labor and Workforce

15  Development Agency, and/or the Department of Labor.

16

17  **FORTY-FIRST AFFIRMATIVE DEFENSE**

18  **(No Private Right of Action)**

19  41.   Defendant alleges that there is no private right of action to recover the penalties

20  sought by Plaintiff and that Plaintiff has not complied with the procedural requirements for

21  seeking any such penalties.

22

23  **FORTY-SECOND AFFIRMATIVE DEFENSE**

24  **(After-Acquired Evidence)**

25  42.   Defendant is informed and believes, and based upon such information and belief

26  alleges, that Plaintiffs are barred, in whole or in part, from recovery of any damages based upon

27  the doctrine of after-acquired evidence.

28

-12-

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(PAGA – Unconstitutional)**

43.     The Complaint, and each purported cause of action alleged therein, is barred in whole or in part because PAGA is unconstitutionally vague and overbroad as applied to the facts and circumstances of this case

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(PAGA - Unauthorized Delegation of Power)**

44.     PAGA, which authorizes employees to file private actions against an employer and recover excessive civil penalties, three-quarters of which are paid to an executive agency of the State of California, constitutes an unlawful delegation of power in violation of the California Constitution.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(PAGA – Failure to Provide Notification)**

45.     Defendant alleges that Plaintiff failed to provide the Labor Workforce Development Agency proper notification of the claims and/or the names of the "aggrieved employees" on whose behalf they intend to seek penalties, pursuant to the Private Attorneys General Act, Labor Code section 2698 *et seq*. and such claims are thus barred and/or limited by law.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

**(PAGA – Failure to Identify)**

46.     Defendant alleges that Plaintiff failed to identify any other allegedly "aggrieved employees," as provided in the Private Attorneys General Act, Labor Code section 2698 *et seq.*, and such claims are thus barred and/or limited by law.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (PAGA – Lack of Standing)

47.      Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff lacks standing to bring claims for any civil penalties on behalf of others because they are not "aggrieved employees," pursuant to the Private Attorneys General Act, Labor Code sections 2698, *et seq.*

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (PAGA – Unjust Enrichment)

48.      Plaintiff, and the individuals on whose behalf Plaintiff seeks relief, is not entitled to recovery of penalties under PAGA to the extent that such penalties are sought in addition to penalties for the same claims and such duplicative recovery is barred and constitutes unjust enrichment.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (Business Expenses Unjust Enrichment)

49.      Defendant is informed and believes, and based upon such information and belief alleges, that a reasonable opportunity for investigation and discovery will reveal and, on that basis allege, that Plaintiff, and each purportedly aggrieved employee, did not necessarily incur "expenditures and losses" as defined under California Labor Code section 2802 and any award of such expenditures and/or losses would unjustly enrich Plaintiff, and each purportedly aggrieved employee.

## FIFTIETH AFFIRMATIVE DEFENSE

### (CA Labor Code § 2699(e)(2))

50.      Defendant alleges that the penalties sought in Plaintiff's Complaint would result in an award that is unjust, arbitrary, oppressive or confiscatory, and Plaintiff should therefore not

recover damages or in the alternative, any award of damages should be reduced in an amount determined by the court.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (PAGA Penalties Unjust, Arbitrary, Oppressive, and/or Confiscatory)

51.    Any claim by Plaintiff for penalties pursuant to PAGA and statutes of similar effect is barred because such penalties would be unjust, arbitrary, oppressive, and/or confiscatory based upon the facts and circumstances of this particular case.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### (Safe Harbor)

52.    Plaintiff's claim based upon California Business and Professions Code Sections 17200, *et seq.* is barred because the conduct alleged falls within a safe harbor

## RESERVATION OF RIGHT TO AMEND ANSWER

Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action and reserves the right to amend the Answer to assert any such defenses.

## REQUEST FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1.    That the Complaint be dismissed with prejudice in its entirety;

2.    That Plaintiff take nothing by reason of the Complaint;

3.    That Defendant be awarded its costs of suit and reasonable attorneys' fees to the extent provided by law; and

4.    For such other and further relief as the Court may deem just and proper.

-15-

1    Dated: February 6, 2020              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

2

3                                         By    _____
                                                      /s/Adam R. Rosenthal
4                                                    NANCY E. PRITIKIN
                                                     ADAM R. ROSENTHAL
5                                                    ROBERT K. FOSTER

6                                                Attorneys for Defendant
                                                 ZARA USA, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-

1                            <u>PROOF OF SERVICE</u>

2              <u>STATE OF CALIFORNIA, COUNTY OF SAN DIEGO</u>

3          At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of California. My business address is

4   12275 El Camino Real, Suite 200, San Diego, CA 92130-4092.

5          On February 6, 2020, I served true copies of the following document(s) described as

6    **DEFENDANT ZARA USA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

7

8        on the interested parties in this action as follows:

                                   **SERVICE LIST**

9

10

11   Bradley/Grombacher, LLP              *Attorneys for Plaintiff Andrew*
    Marcus J. Bradley, Esq.                 *Sedaghatpour*
    Kiley L. Grombacher, Esq.

12   2815 Townsgate Roads Suite 130
    Westlake Village, California 91361

13   Telephone.: (805) 270-7100
    Facsimile: (805) 270-7589

14

15       **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for

16   collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the

17   same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope

18   with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

19

20       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21       Executed on February 6, 2020, at San Diego, California.

22

23                               _____

24                               Samia Syed

25

26

27

28

SMRH:Document2                            Case No. 19STCV44243
                                              Proof of Service