

1  **BRADLEY/GROMBACHER, LLP**
2  Marcus J. Bradley, Esq. (SBN 174156)
   Kiley L. Grombacher, Esq. (SBN 245960)
   2815 Townsgate Road, Suite 130
3  Westlake Village, California 91361
   Telephone:    (805) 270-7100
4  Facsimile:     (805) 270-7589
   E-Mail: mbradley@bradleygrombacher.com
5          kgrombacher@bradleygrombacher.com

6
   Attorneys for Plaintiff, ANDREW SEDAGHATPOUR, individually
7  and on behalf of other individuals similarly situated

8

9                    **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

10                            **LOS ANGELES COUNTY**

11                                                   **19STCV44243**

12  ANDREW SEDAGHATPOUR, individually and    **CASE NO.**
    on behalf of other individuals similarly situated,    **CLASS ACTION COMPLAINT FOR:**
13                         Plaintiff,
                                                  1.  **Failure to Pay all Wages and/or Overtime in**
14      vs.                                           **Violation of California** *Labor Code* **§§ 204,**
                                                      **1194, 1194.2, 1197, 1197.1;**
15  ZARA USA, INC. a New York corporation, and    2.  **Missed Meal Breaks in Violation of**
    DOES 1-100 inclusive,                             **California** *Labor Code* **§§ 200, 226.7, 512,**
                                                      **and Wage Order No.7;**
16                         Defendant.              3.  **Missed Rest Breaks in Violation of**
                                                      **California** *Labor Code* **§§ 200, 226.7, 512,**
17                                                    **and Wage Order No.7;**
                                                  4.  **Failure to Pay All Wages Owed at**
18                                                    **Termination in Violation of California**
                                                      *Labor Code* **§ 203;**
19                                                5.  **Failure to Furnish an Accurate, Itemized**
                                                      **Wage Statement upon Payment of Wages in**
20                                                    **Violation of California** *Labor Code* **§ 226;**
                                                  6.  **Split Shift Premium Pay**
21                                                7.  **Violation of 15 U.S.C §§ 1681(b)(2)(A) (Fair**
                                                      **Credit Reporting Act);**
22                                                8.  **Violation of California** *Civil Code* **§ 1785 et**
                                                      **seq. (Consumer Credit Reporting Agencies**
23                                                    **Act);**
                                                  9.  **Violation of California** *Civil Code* **§ 1786 et**
24                                                    **seq. (Investigative Consumer Reporting**
                                                      **Act);**
25                                                10. **Violation of Fair Labor Standards Act; and**
                                                  11. **Violations of California** *Business &*
26                                                    *Professions Code* **§§ 17200, et seq.**

27                                                   **DEMAND FOR JURY TRIAL**

28

                                    1

                            CLASS ACTION COMPLAINT

Plaintiff ANDREW SEDAGHATPOUR, (hereinafter referred to as "Plaintiff"), hereby submits his Class Action Complaint against Defendant ZARA USA, INC. a New York corporation; and Does 1-100 (hereinafter collectively referred to as "Defendant") on behalf of himself and the class of all other similarly situated current and former employees of Defendant. Plaintiff brings this action upon information and belief, except as to his own actions, the investigation of his counsel, and the facts that are a matter of public record, as follows:

## INTRODUCTORY FACTUAL ALLEGATIONS

1.  This is a class action and Private Attorney General Act enforcement action challenging systemic illegal employment practices resulting in violations of the California *Labor Code*, California *Business and Professions Code,* and *Fair Credit Reporting Act* against employees of Defendant.

2.  Plaintiff seeks relief on behalf of himself and the members of the Plaintiff Class as a result of employment policies, practices and procedures more specifically described below, which violate the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards. Said employment policies, practices and procedures are generally described as follows:

    a.  Failure to pay Plaintiff and the members of the Plaintiff Class wages for all hours worked pursuant to California *Labor Code* §1194;

    b.  Failing to include all renumeration when calculating Plaintiff and the members of the Plaintiff Class' regular rate of pay for the purposes of paying overtime and/or double time;

    c.  Failure to provide Plaintiff and the members of the Plaintiff Class with timely rest and meal breaks in violation of California *Labor Code* §§ 200, 226.7, 512, and Wage Order No. 7);

    d.  Failure to pay Plaintiff and members of the Plaintiff Class all wages owed at termination in violation of California *Labor Code* §200-203;

    e.  Failure to pay Plaintiff and members of Plaintiff Class with appropriate paychecks;

2

       f.  Failure to provide Plaintiff and members of Plaintiff Class with clear, stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates;

       g.  Failure to identify the address, telephone number and/or website of the investigative consumer reporting agency conducting the investigation;

       h.  Failure to comply with FCRA, ICRAA and CCRAA; and

       i.  Failure to timely pay all wages due to Plaintiff and other employees upon termination or within 72 hours of resignation.

3.    Plaintiff is informed and believes, and based thereon alleges, Defendant has engaged in, among other things a system of willful violations of the California *Labor Code*, California *Business and Professions Code*, and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

4.    The policies, practices and customs of Defendant described above and below have resulted in unjust enrichment of Defendant and an unfair business advantage over businesses that routinely adhere to the structures of the California *Labor Code*, and California *Business and Professions Code*.

5.    Plaintiff alleges that on a routine basis, Defendant obtained credit reports to perform background checks on Plaintiff and other prospective employees and used that information in connection with the background checks without providing the proper disclosures and authorization in compliance with the law.

6.    This matter is brought as a class action pursuant to California *Code of Civil Procedure* §382, on behalf of Plaintiff and the Plaintiff Class, which is defined more specifically below, but which is comprised, generally, of all former and current employees of Defendant ZARA USA, INC. a New York corporation, who hold or held the job positions which Defendant classified as "non-exempt" at any of Defendant's facilities in California and throughout the United States.

7.    This Complaint alleges systematic violations of the California *Labor Code* (hereinafter, "*Labor Code*,") California *Business & Professions Code*, *Fair Credit Reporting Act* and *Consumer Credit Reporting Agencies Act*, and the *Investigative Consumer Agency* and is brought by Plaintiff on his own behalf and on behalf of the members of the Plaintiff Class.

3

8. The California Plaintiff "Class Period" is defined as the period from four years prior to the filing of this action through and including the date judgment is rendered in this matter. Plaintiff herein reserves the right to amend this Complaint to reflect a different Class Period as discovery in this matter proceeds.

9. The actions of Defendant are in violation of the California *Labor Code* as well as the wage orders of the Industrial Wage Commission of the State of California and, as a result, are unlawful and unfair acts, thus constituting a violation of California *Business & Professions Code* § 17200, et seq. (Unfair Practices Act).

10. The policies, practices and customs of Defendant described above and herein have resulted in unjust enrichment of Defendant and an unfair business advantage over businesses that routinely adhere to the requirements of the California *Labor Code*, of the *Business & Professions Code*, and *Fair Credit Reporting Act.*

### JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to the provisions of the California Labor Code. On information and belief, Defendant has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

12. Venue is proper in Los Angeles County because the acts which give rise to this litigation occurred in this county and Defendant does business in Los Angeles County.

### THE PARTIES

13. Plaintiff ANDREW SEDAGHATPOUR ("Plaintiff") is a resident of Los Angeles County, in the State of California. Plaintiff was employed by Defendant in Century City, California from approximately July 31, 2017 through November 24, 2017 as a "Sales Associate" in the men's department.

14. ZARA USA, INC. is a New York corporation that conducts business in California.

15. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint

4

when the true names and capacities are known. Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

16.   At all times herein mentioned, Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

17.   Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity.   To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

18.   At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

19.   At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.   At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.   At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts

5

1  and omissions of each and all of the other Defendants in proximately causing the damages as herein
2  alleged.

3        20.     The members of the Plaintiff Class, including the representative Plaintiff named herein,
4  have been employed during the Class Period in California. The practices and policies which are
5  complained of by way of this Complaint are enforced throughout the State of California and the United
6  States.

7                                     **FACTUAL ALLEGATIONS**

8        21.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

9        22.     Plaintiff and the members of the Plaintiff Class seek compensation from Defendant for
10 the relevant time period because Defendant:

11             a.  Failed to pay wages for all hours worked by Plaintiff and the members of the
12                 Plaintiff Class (California *Labor Code* §1194);

13             b.  Failed to properly compensate overtime wages;

14             c.  provide rest breaks;

15             d.  Failed to provide meal breaks;

16             e.  Failed to pay appropriate compensation for split shifts;

17             f.  Failed to pay Plaintiff and the member of the Plaintiff Class all wages owed at
                   termination;
18
19             g.  Failed to provide Plaintiff and the members of Plaintiff Class with clear, standalone
20                 written disclosures before obtaining a credit or background report in compliance
                   with the statutory mandates; and
21
               h.  Failed to comply with FCRA, ICRAA, CCRAA and FLSA.
22
23       23.     Defendant has engaged in, and continues to engage in, unfair business practices in
24 California by practicing, employing and utilizing the employment practices and policies outlines
   above.

25       24.     Defendant's utilization of such unfair business practices deprives Plaintiff and Class
26 members of the general minimum working standards and entitlements due to them under California
27 law and the Industrial Welfare Commission wage orders as described herein.

28

25. As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under state law, all to Plaintiff's respective damage in amounts according to proof at the time of trial.

***Time Spent "Off the Clock"***

26. Defendant's policy and practice is to deny earned wages, including overtime pay, to its non-exempt hourly employees at its retail store facilities throughout the country. In particular, Defendant requires its employees to be present and perform work including work in excess of eight hours per day and/or forty hours per work week but fails to pay them accordingly. These requirements include requiring employees to wait in line and undergo two off-the-clock security bag searches and clearance checks when they leave for their meal breaks and after they have clocked out at the end of their shifts. These "personal package and bag searches" are done for the sole benefit of Defendant; are a uniform practice and policy in all Defendant's retail stores in California; and are not imposed on Defendant's customers. This illegal practice and policy has been known to the Defendant for years and Defendant continues to require employees to endure these required but uncompensated security check.

27. Additionally at the termination of their shift, Plaintiff and other members of the Plaintiff Class were forced to wait after clocking out for managers to complete other tasks such as setting alarms, locking doors, and inspecting the store. During week days, Plaintiff would wait for approximately five (5) minutes for a manager to let him out, and during weekend shifts, Friday to Sunday, it would take approximately twenty (20) minutes for a manager to let him out. Plaintiff would have to wait for the women's department to finish cleaning before everyone in the store was able to leave. Similarly, Defendant's opening procedures forced Plaintiff and members of the Settlement Class to wait off-the-clock at the store's entrance during opening shifts for a second employee to arrive to enter the store and required employees to engage in other opening procedures prior to clocking in.

***Defendant's Failure to Pay for All Hours Worked***

28. Defendant did not compensate aggrieved employees for all the minutes that they worked as described above, including but not limited to the time that the employees were subject to the control and direction of Defendant; and/or the time that the employees were suffered or permitted to work.

7

29. Defendant, at all times relevant herein, has failed and refused to compensate Plaintiff and members of the Plaintiff Class all wages due to them by failing to pay for overtime and for time spent "off-the-clock." Therefore, Defendant has not paid all wages owed to Plaintiff and members of the Plaintiff Class.

30. Plaintiff also alleges that he and members of the Plaintiff Class regularly worked split shifts without proper compensation. Specifically, Plaintiff worked a split shift on August 31, 2017, however, Plaintiff did not receive a split shift premium for such shift.

***Defendant's Failure to Properly Calculate Overtime***

31.    Plaintiff and the members of the class were routinely paid commission as part of their compensation.

32.    Defendant regularly violated the Labor Code with respect to meeting the requirements of paying wages earned, including, commission, overtime, double-time and remuneration when calculating the employees' proper regular rate of pay, as herein before alleged.

33.    As a result of Defendant's failure to include all remuneration in the regular rate of pay for purposes of calculating overtime and/or double time pay, Plaintiff and other members of the class were not paid the correct premium overtime and/or double time rates for all overtime and/or double time hours worked.

***Defendant's Failure to Provide Rest Breaks***

34. At all times, relevant hereto, California *Labor Code* § 226.7 and IWC Wage Order, number 7, section 12, required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work or major fraction thereof, during which employees are relieved of all duty.

35. At all times, relevant hereto, California *Labor Code* § 226.7(b) and IWC Wage Order, number 7, section 12 required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period was not provided.

36. Plaintiff is informed and believes, and based thereon alleges, that Defendant failed and continues to fail to provide required rest breaks. Plaintiff alleges that on several occasions he was completely denied rest breaks, as he was told the store was very busy and they were

8

short staffed. Plaintiff also alleges that when he requested his breaks, he was always told he could take them "later" however, he was never actually provided a break "later."

37. Through his observations and discussions with his fellow employees Plaintiff came to understand that other employees were similarly denied breaks without proper compensation.

Thus, Plaintiff and other employees receive less than the required ten (10) minutes of rest. Throughout the Class Period, Plaintiff and the members of the Plaintiff Class were routinely denied the rest breaks they were entitled to under California law.

38. Defendant failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

*Defendant's Failure to Provide Meal Breaks*

39. Plaintiff contends that when he and members of the Plaintiff Class worked shifts over five (5) hours or more in duration, Defendant routinely failed to provide meal breaks incompliance with State law. Such violations included the complete failure to provide meal periods, as well as a failure to provide meal periods of thirty uninterrupted minutes in duration; and meal periods that commenced before the completion of the employee's fifth hour of work. Plaintiff alleges that no compensation was paid for those types of violations. This is indicated on the Plaintiff's pay stubs.

40. Plaintiff alleges that throughout the Class Period, Defendants regularly:

   a. Failed to provide Plaintiff and the members of the plaintiff class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

   b. Failed to provide Plaintiff and the members of the plaintiff class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day; and

9

c.  Failed to pay Plaintiff and the members of the plaintiff class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided.

41. For example, on August 17, 2017, Plaintiff's paystubs indicate he worked more than seven (7) hours, however, no meal break was provided. No premium pay was received.

**Defendant's Failure to Pay All Wages Due at Termination of Employment**

42. At all times, relevant hereto, California *Labor Code* § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California *Labor Code* § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California *Labor Code* § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

*43.*  Defendant willfully and knowingly failed to pay Plaintiff and other members of the Plaintiff Class upon termination of employment all accrued compensation, including compensation required for missed rest and meal breaks.

*44.* Specifically, Plaintiff's termination date was on November 27, 2017, and he did not receive his final pay until November 30, 2019 or on December 8, 2017 (Defendant's earnings statements are inconsistent).

**Defendant's Failure to Provide Accurate Wage Statements**

1.  Defendant failed to comply with California *Labor Code* Section 226(a) because the majority of wage statements do not specify the hourly rate for overtime. Additionally, Plaintiff's final wage statement does not include the dates worked, instead it only displays the pay date.

2.  Plaintiff also alleges that he did not receive his last wage statement. Plaintiff also alleges that he had requested a copy from Defendant, and Defendant failed to respond to the request.

**Defendant's Violation of FCRA, CCRAA and ICRAA**

10

3.     Plaintiff alleges that the document provided to Plaintiff and members of the Plaintiff Class regarding background checks is not clear and conspicuous. Plaintiff alleges that when he and the members of the Plaintiff Class applied for a position with Defendant, they were asked to execute an authorization form so that Defendant could perform a background investigation. Plaintiff alleges that the form provided by Defendant for the background investigation does not comply with the laws detailed below in the body of the causes of action.

***Defendant's Violation of the Fair Labor Standards Act ("FLSA")***

4.     Defendant failed to comply with the FLSA because it failed to include commission within the calculation of overtime. Pursuant to the FLSA, any employee who works in excess of forty (40) hours per workweek is subject to overtime pay, which is at least one and one-half of the employee's regular rate. Regular rate includes commission, and Defendant failed to take into consideration employee's commission when calculating the overtime rate.

***Facts Regarding Willfulness***

5.     Plaintiff is informed and believes, and based thereon alleges, that Defendant is and was advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

6.     Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, Defendant had a consistent policy or practice of failing to compensate the Plaintiff Class members, including Plaintiff.

7.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendant knew or should have known, that the Plaintiff Class members, including Plaintiff, were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours or more, and that any failure to allow said breaks requires Defendant to pay the Plaintiff Class members, including Plaintiff, one (1) hour of wages per day for missed or on-duty rest breaks.

***Unfair Business Practices***

8.     Defendant has engaged in, and continues to engage in, unfair business practices in California by practicing, employing and utilizing the employment practices and policies outlined above.

CLASS ACTION COMPLAINT

9.    Defendant's utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendant's competitors.

10.    Defendant's utilization of such unfair business practices deprives Plaintiff and Class Members of the general minimum working standards and entitlements due them under California law and the Industrial Welfare Commission wage orders as described herein.

11.    As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under state law, all to Plaintiff's respective damage in amounts according to proof at the time of trial.

## CLASS ACTION ALLEGATIONS

12.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

13.    Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to California *Code of Civil Procedure* §382. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

> **Plaintiff Class**
>
> All persons who have been, or currently are, employed by Defendant and who held, or hold, job positions which Defendant has classified as "non-exempt" employees in the State of California. (The Class Period is defined as the period from four years prior to the filing of this action through and including the date judgment is rendered in this matter). The term "non-exempt employee" refers to those who Defendant has classified as non-exempt from the overtime wage provisions of the California *Labor Code*.
>
> **Terminated Sub Class**
>
> All members of the Plaintiff Class whose employment ended during the Class Period. (The Class Period is defined as the period from four years

12

prior to the filing of this action through and including the date judgment is rendered in this matter).

**FCRA Class:**

All individuals who applied for employment in the United States with Defendant for which background checks were performed beginning five (5) years prior to the filing of this action through the date judgment is rendered.

**CCRAA Class:**

All individuals who applied for employment in California with Defendant for which a background check was performed beginning seven (7) years prior to the filing of this action through the date judgment is entered.

**ICRAA Class:**

All individuals who applied for employment in California with Defendants beginning five (5) years prior to the filing of this action through the date judgment is entered.

**FLSA Class:**

All persons who were or are employed by Defendant as non-exempt employees in the United States within the applicable limitations period, which is three years preceding the filing of the original Complaint herein plus such additional time as may be provided pursuant to equitable tolling.

(hereinafter, "FLSA Class" or "FLSA Collective Class")

14.     The Plaintiff, Terminated Sub Class, FCRA, CCRAA, ICRAA and FLSA Classes are so numerous that the individual joinder of all members is impracticable. While the exact number and identification of the Plaintiff, Terminated Sub Class, FCRA, CCRAA, ICRAA and FLSA Class Members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendant, Plaintiff is informed and believes that the class includes potentially hundreds of members.

13

15. Common questions of law and fact exist as to all Class Members, and predominate over any questions affecting solely individual members of the class. Among the questions of law and fact, that are relevant to the adjudication of class members claims are as follows:

a. Whether Plaintiff and members of the Plaintiff Class are subject to and entitled to the benefits of California wage and hour statutes;

b. Whether Defendant's policies resulted in a failure to pay all wages;

c. Whether Defendant maintained accurate records of the hours worked by members of the Class in violation of California *Labor Code* §1174;

d. Whether Defendant had a standard policy of adequate rest and meal breaks;

e. Whether Defendant failed to comply with FCRA;

f. Whether Defendant failed to comply with the CCRAA;

g. Whether Defendant failed to comply with ICRAA;

h. Whether Defendant failed to comply with FLSA;

i. Whether Defendant willfully failed to provide Plaintiff and members of the Plaintiff Class with clear, stand-alone written disclosures before obtaining a credit or background report in compliance with statutory mandates;

j. Whether Defendant unlawfully and/or willfully deprived Plaintiff and Class Members of rest and meal breaks, and pay for missed breaks pursuant to California *Labor Code* §§ 200, 226.7, 512, and Wage Order No. 7;

k. Whether Defendant unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of California *Labor Code* §226;

l. Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

m. Whether the members of the Terminated Sub-Class that are no longer employed by the Defendant are entitled to penalties pursuant to California *Labor Code* §203;

n. Whether Defendant's conduct as alleged herein violates the Unfair Business

14

Practices Act of California, *Bus. & Prof. Code* § 17200, *et seq.*

16.     The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff, Terminated Sub Class, FCRA and CCRAA Classes.  Plaintiff and Class Members sustained losses, injuries and damages arising from Defendant's common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff.  Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

17.     Plaintiff is an adequate representative of the proposed classes because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and his attorneys.

18.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims.  By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

19.     The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California *Code of Civil Procedure* § 382 because:

> a.     The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendant;

15

and

b.   The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

20.   Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

<u>**FIRST CAUSE OF ACTION**</u>

<u>**FAILURE TO PAY ALL WAGES**</u>

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

21.   Plaintiff incorporates herein by reference the allegations set forth above.

22.   At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendant was required to compensate its hourly employees for all hours worked upon reporting for work at the appointed time stated by the employer, pursuant to the Industrial Welfare Commission Orders and California *Labor Code* §§ 200, 226, 1197, and 1198.

23.   For at least the four (4) years preceding the filing of this action, Defendant failed to compensate employees for all hours worked. Defendant implemented policies that actively prevented employees from being compensated for all time worked by subjecting employees to "off the clock" work and shift splitting.

24.   Time spent "off the clock" includes "lock-in" time spent waiting to be released from work at the end of a closing shift. At the end of a closing shift a manager would have to let Plaintiff and the members of the Plaintiff Class out.   During week days, Plaintiff would have to wait approximately five (5) minutes, and during weekend shifts, Friday to Sunday, it would take approximately twenty (20) minutes for a manager to let him out.

25.   Under the above-mentioned wage order and state regulations, Plaintiff and the Plaintiff Class are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this action, in addition to reasonable attorneys' fees and costs of suit in

16

accordance with California *Labor Code* § 218.5, and penalties pursuant to California *Labor Code* §203 and 206.

26.     Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiffs and the Plaintiff Class for all wages earned and all hours worked, in violation of state law. As a direct result, Plaintiff and the Plaintiff Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligation under state law, in accordance with Plaintiffs and the Plaintiff Class' respective damage amounts according to proof at time of trial.

27.     Defendant committed such actions knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and the Plaintiff Class, from improper motives amounting to malice, and in conscious disregard of Plaintiff's and the Plaintiff Class' rights.

28.     Plaintiff and the Plaintiff Class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at the time of trial.

29.     As a proximate result of the above-mentioned violations. Plaintiff and the Plaintiff Class have been damaged in an amount according to proof at time of trial.

<u>**SECOND CAUSE OF ACTION**</u>

<u>**MISSED MEAL BREAKS IN VIOLATION OF**</u>

<u>**CAL. *LABOR CODE* SECTIONS 200, 226.7, 512, AND WAGE ORDER NO. 7**</u>

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

30.     Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth herein, the allegations contained above.

31.     For at least the four (4) years preceding the filing of this action, Defendant failed to provide meal breaks as required by law.

32.     California *Labor Code* § 226.7(a) provides that: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

33.     California *Labor Code* § 512 provides that: "An employee may not employ an employee for a work period of more than five hours per day without providing the employee with a

17

meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

34.    Additionally, when an employee works for a work period of more than five hours, a meal period must be provided no later than the end of the employee's fifth hour of work (in other words, no later than the start of the employee's sixth hour of work).

35.    Due to Defendant's staffing models and budgets, Defendant routinely failed to provide meal periods in compliance with California law and failed to pay Plaintiff and the Class members the full statutory penalty for all missed meal periods.

36.    Wage Order No. 7 Section 11(D) states "If an employer fails to provide an employee a meal period in the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation each day that the meal period is not provided."

37.    Defendant's conduct described herein violates the Industrial Welfare Commission Order and California *Labor Code* §§ 226, 226.7, 512, and 1198.

38.    As a proximate result of the aforementioned violations, Plaintiff and the Class Members have been damaged in an amount according to proof at time of trial and have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such monies, lost interest on such monies, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under state law.  Plaintiff and the Class Members are thus entitled to recover nominal, actual, compensatory and exemplary damages in amount according to proof at time of trial.

**THIRD CAUSE OF ACTION**

**MISSED REST BREAKS IN VIOLATION OF**

**CAL. *LABOR CODE* SECTIONS 200, 226.7, 512, AND WAGE ORDER NO. 7**

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

39.    Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth herein, the allegations contained above.

40.    For at least the four (4) years preceding the filing of this action, Defendant failed to provide meal breaks as required by law.

18

41.     Wage Order No. 7 Section 12(A) states "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."

42.     Plaintiff and the Class Members are entitled to recover additional compensation for all rest periods that were missed, but not paid for, during the four (4) years preceding the filing of this Complaint, plus reasonable attorneys' fees and costs of suit pursuant to California *Labor Code* § 218.5 and penalties pursuant to California *Labor Code* § 226.7.

43.     Due to , *inter alia,* systemic understaffing, Defendant failed to provide Plaintiff and Class Members the full ten (10) minutes of rest time prescribed by law. For example,  Plaintiff alleges that on several occasions he was completely denied rest breaks, as he was told the store was very busy and they were short staffed. Plaintiff also alleges that when he requested his breaks, he was always told he could take them "later" however, he was never actually provided a break "later."

44.     As a proximate result of the aforementioned violations, Plaintiff and the Class Members have been damaged in an amount according to proof at time of trial and have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such monies, lost interest on such monies, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under state law.  Plaintiff and the Class Members are thus entitled to recover nominal, actual, compensatory and exemplary damages in amount according to proof at time of trial.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY WAGES AT TIME OF TERMINATION

### IN VIOLATION OF CAL. *LABOR CODE* SECTIONS 201-203

**(By Plaintiff and Members of the Terminated Sub Class Against Defendant)**

45.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

46.     At all times, relevant herein, Defendant was required to pay its employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California *Labor Code* §§ 201-203.

47.     As a pattern and practice, Defendant regularly failed to pay Plaintiff and the members

19

1   of the Terminated Sub Class their final wages pursuant to California *Labor Code* §§ 201-203, and

2   accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

3       48.     These payments should include time spent "off the clock" and compensation that

4   should have been paid due to missed meal and rest breaks.

5       49.     Additionally, Plaintiff's termination date was on November 27, 2017, and he did not

6   receive his final pay until November 30, 2019 or December 8, 2017 (Defendant produced two earnings

7   statements).

8       50.     The conduct of Defendant and its agents and managerial employees as described herein

9   was willful, and in violation of the rights of Plaintiff and the individual members of the Terminated

10  Sub Class.

11      51.     Plaintiff is informed and believes, and based thereon alleges, that Defendant's willful

12  failure to pay wages due and owing upon separation from employment results in a continued payment

13  of wages up to thirty (30) days from the time the wages were due.   Therefore, Plaintiff and Class

14  Members who have separated from employment are entitled to compensation pursuant to California

15  *Labor Code* § 203.

16

17                          **FIFTH CAUSE OF ACTION**

18      **FAILURE TO FURNISH AN ACCURATE ITEMIZED WAGE STATEMENT IN**

19              **VIOLATION OF CAL. *LABOR CODE* § 226**

20          **(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

21      52.     Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth

22  herein, the allegations contained above.

23      53.     California *Labor Code* § 226(a) sets forth reporting requirements for employers when

24  they pay wages, as follows: "[e]very employer shall ... at the time of each payment of wages, furnish

25  his or her employees ... an accurate itemized statement in writing showing (1) gross wages earned; (2)

26  total hours worked by the employee.... (5) net wages earned ... (8) the name and address of the legal

27  entity that is the employer... (9) all applicable hourly rates in effect during the pay period and the

28  corresponding number of hours worked at each hourly rate by the employee." (Emphasis added.)

20

Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

54. Defendant failed to comply with California *Labor Code* Section 226(a) because Defendant failed to accurately represent the total hours worked by Plaintiff and Class Members in that all hours worked are not accurately reflected on their wage statements.

55. Defendant also failed to provide Plaintiff with his last earnings statement. Plaintiff had requested a copy, and Defendant still failed to provide him with his earnings statement.

56. Plaintiff and Class members were damaged by these failures because, among other things, the failures hindered Plaintiff and Class Members from determining the amounts of wages actually owed to them.

57. Plaintiff and Class members request recovery of California *Labor Code* § 226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California *Labor Code* § 226(e), in a sum as provided by the *Labor Code* and/or other statutes.

## SIXTH CAUSE OF ACTION

## SPLIT SHIFT PREMIUM PAY

**(By Plaintiff and Members of the Terminated Sub Class Against all Defendants)**

58. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

59. Paragraph 2(R) of the Wage Order defines "split shift" as a work schedule which is interrupted by non-paid non-working periods established by the employer, other than bona fide rest or meal periods." Paragraph 4(C) requires that "[w]hen an employee works a split shift, one hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday."

60. Specifically, Defendant routinely scheduled employees, including Plaintiff, to work "doubles," e.g., to work both the morning and evening shift in the same day. However, Defendant failed to pay Plaintiff and members of the putative class split shift premium pay.

21

61.     As a result of the wrongful and unlawful acts of Defendants alleged herein, Plaintiff and the Class members have been deprived of split shift premium pay in amounts to be determined, and are entitled to recovery of said amounts according to proof, interest thereon, injunctive relief, attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF FCRA

## 15 U.S.C. §§ 168lb(b)(2)(A), 1681g(c)(1)(B)

**(By Plaintiff and the FCRA Class Against Defendant)**

62.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

63.     Defendant are "persons" as defined by § 1681a(b) of the FCRA.

64.     Plaintiff and the members of the FCRA Class are "consumers" within the meaning of § 1681a(c) of the FCRA, because they are "individuals."

65.     Section 1681b(b) of the FCRA provides, in relevant part:

a.  Conditions for furnishing and using consumer reports for employment purposes

...

(2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i) *a clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in *a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii) the *consumer has authorized in writing* (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

(Emphasis Added).

(a) Section 1681d(a) provides, in relevant part:

Disclosure of fact of preparation

22

A person may not procure or cause to be prepared an **investigative consumer report** on any consumer unless-

(1) it is ***clearly and accurately disclosed*** to the consumer that an investigative consumer report including information as to her character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure

(A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

(B) includes a statement informing the consumer of her right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to section 1681g(c) of this title;

(Emphasis Added.)

66. Plaintiff alleges, on information and belief, that Defendant as part of the application process for employment, required Plaintiff and the members of the FCRA Class to allow Defendant to procure or cause to be prepared background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(l)(B) and 15 U.S.C. § 1681a(e)).

67. Plaintiff alleges that when he and the members of the FCRA Class applied for a position with Defendant they were asked to execute a disclosure and authorization form so that Defendant could perform a background investigation. Plaintiff alleges that the form provided by Defendant for the background investigation does not meet the required disclosures and explanation of rights as required. Specifically, there is a section that includes "State Law Notices." This section includes additional notices for Massachusetts, Minnesota, New Jersey, New York and Washington state.

68. By including "State Law Notices" Defendant violated § 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and the members of the FCRA Class with a clear and conspicuous written disclosure, before a consumer report was procured or caused to be procured, in a document that consists solely of the disclosure.

69. Upon information and belief, Defendant has a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring consumer reports or

causing consumer reports to be procured. Pursuant to that policy and practice, Defendant procured consumer reports or caused consumer reports to be procured for Plaintiff and the members of the FCRA Class without first providing adequate written disclosures in compliance with § 1681b(b)(2)(A) of the FCRA and the inclusion of a release and other extra information in violation of § 1681(b)(2)(A).

70.    Defendant violated § 1681d(a)(1) of the FCRA by failing to clearly and accurately disclose, in writing, that an investigative consumer report may be made.

71.    Pursuant to that policy and practice, Defendant procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and members of the FCRA Class, without providing a timely written summary of their rights under the FCRA.

72.    Accordingly, Defendant willfully violated and continues to violate the FCRA including, but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendant's willful conduct is reflected by, among other things, the facts set forth above.

73.    Defendants did not comply with Section 1681g(c)(1)(B)(i-vi) since the disclosures did not contain the right of a consumer to obtain a copy of the consumer report; frequency and circumstances under which a consumer is entitled to receive a consumer report without charge; right of consumer to dispute information; right of a consumer to obtain a credit score; the method by which a consumer can contact and obtain a consumer report from a consumer reporting agency without charge; and the method by which a consumer can contact and obtain the consumer report.

74.    As a result of Defendant's illegal procurement of credit and background reports by way of its inadequate disclosures as set forth above, Plaintiff and the members of the FCRA Class have been injured by, including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

75.    Plaintiff, on behalf of himself and the members of the FCRA Class, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

76. In the alternative to Plaintiff's allegations that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 681o.

### EIGHTH CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURES IN VIOLATION OF CCRAA

### CAL. *CIVIL CODE* § 1785 et seq.

**(By Plaintiff and the CCRAA Class Against Defendant)**

77. Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

78. Defendant is a "person" as defined by California *Civil Code* § 1785.30.

79. Plaintiff and the members of the CCRAA define "consumer credit report" as any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.

80. Section 1785.3(d) of the CCRAA defines "consumer credit reporting agency" as "any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes."

81. Section 1785.3(f) of the CCRA defines "employment purposes," when used in connection with a consumer credit report, as "a report used for the purpose of evaluating a consumer for employment, promotion, reassignment, or retention as an employee."

82. Section 1785.20.5(a) of the CCRAA requires that prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice that (1) identifies the specific basis under subdivision (a) of § 1024.5 of the *Labor Code* for use of the report; (2) informs the person of the source of the report; and (3) contains a box that the person may check off to receive

25

1    a copy of the credit report. The employer must provide the report to the applicant or employee

2    contemporaneously and at no charge.

3        83.    At all relevant times herein, Defendant willfully violated § 1785.20.5(a) of the CCRAA

4    because the Authorization Form does not contain a box that the Plaintiff or other Class Members may

5    check off to receive a copy of the credit report.

6        84.    Defendant willfully violated § 1785.20.5(a) of the CCRAA as to Plaintiff and the

7    members of the CCRAA Class.

8        85.    Accordingly, Defendant willfully violated and continues to violate the CCRAA

9    including, but not limited to § 1785.20.5(a). Defendant's willful conduct is reflected by, among other

10    things, the facts set forth above.

11        86.    As a result of Defendant's willful conduct as set forth above, Plaintiff and the

12    members of the CCRAA Class have been injured including, but not limited to, having their privacy

13    and statutory rights invaded in violation of the CCRAA.

14        87.    Plaintiff, on behalf of himself and the members of the CCRAA Class, seeks all

15    available remedies pursuant to California *Civil Code* §§ 1785.31(a)(1) including statutory damages

16    and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

17        88.    Alternatively, Plaintiff alleges that the violations were negligent and seeks the

18    appropriate remedy, if any, under California *Civil Code* § 785.31(a)(1).

19                            **NINTH CAUSE OF ACTION**

20       **FAILURE TO MAKE PROPER DISCLOSURES IN VIOLATION OF ICRAA**

21                       **CAL. *CIVIL CODE* § 1786 *et seq.***

22                **(By Plaintiff and the ICRAA Class Against Defendant)**

23        89.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

24        90.    Defendants "persons" as defined by California *Civil Code* § 1786.2(a).

25        91.    Plaintiff and the members of the ICRAA Class are consumers within the meaning

26    California Civil Code § 1786.2(b), because they are natural individuals who have made application

27    to a "person" for employment purposes.

28

92.     Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

93.     Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

94.     Section 1786.16(a)(2)(B) provides, in relevant part:

(B) The person procuring or causing the report to be made provides a clear

and conspicuous disclosure in writing to the consumer at any time before the report

is procured or caused to be made in a document that consists solely of the

disclosure, that:

(i) An investigative consumer report may be obtained.

(ii) The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character,

general reputation, personal characteristics, and mode of living.

(iv) Identifies the name, address, and telephone number of the investigative

consumer reporting agency conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the

investigation requested, including a summary of the provisions of Section 1786.22.

(vi) Notifies the consumer of the Internet Web site address of the investigative

consumer reporting agency identified in clause (iv), number of the agency, where

the consumer may find information about the investigative reporting agency's

privacy practices.....(Emphasis added)

95. Specifically, Plaintiff and the members of the FCRA Class were provided a document pertaining to their Background Investigation when they were applying for a position of employment with Defendants, on the job application.

96. Accordingly, Defendants violated Section 1786.16(a)(2)(B) of the ICRAA by failing to provide a clear and conspicuous disclosure in writing to Plaintiff and the members of the ICRAA Class before an investigative report was procured. As stated above, the disclosures contain extra information that is not clear and unambiguous disclosures in stand-alone documents as required. Further, Defendant did not provide the address and telephone number nor the Web site address of the investigative consumer reporting agency conducting the investigation.

97. The inclusion of "State Law Notices" makes the document not "clear and conspicuous" as required and therefore Defendants willfully violated §§1786(a)(2)(B) and 1786.16(a)(2)(B) of the ICRAA.

98. Upon information and belief, Defendants had and have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing them a way to indicate on a written form, by means of a box to check, that they wish to receive a copy of any report that is prepared. Pursuant to Defendants' policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and the members of the putative class without first providing them written disclosures as required by §§1786(a)(2)(B) of the ICRAA.

99. Accordingly, Defendants willfully violated and continues to violate the ICRAA including, but not limited to Sections 1786(a)(2)(B). Defendants' willful or grossly negligent conduct is reflected by, among other things, the facts set forth above.

100. As a result of Defendants willful or grossly negligence as detailed above, Plaintiff and the members of the ICRAA Class have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

1    101.    Plaintiff, on behalf of himself and the members of the ICRAA Class, seeks all
2    available remedies pursuant to California Civil Code § 1786.50 including statutory damages, actual
3    damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

4    102.    Plaintiff alternatively pleads that these violations were negligent and seeks the
5    appropriate remedy under California Civil Code §1786.50(a), including actual damages, attorneys'
6    fees and costs.

7                          **TENTH CAUSE OF ACTION**
8       **FAILURE TO INCLUDE COMMISSION IN OVERTIME COMPENSATION IN**
9            **VIOLATION OF THE *FAIR LABOR STANDARDS ACT***
10                     **(By Plaintiff and the FLSA Plaintiff Class)**

11   103.    Plaintiff re-allege and incorporate all preceding paragraphs as though fully set forth
12   herein.

13   104.    The Fair Labor Standards Act, 29 U.S.C 201, et. seq., states that an employee must be
14   compensated for all hours worked, including straight time compensation and overtime compensation.
15   (29 C.F.R. §778.223 and 29 C.F.R. §778.315.)  This Court has concurrent jurisdiction over claims
16   involving the Fair Labor Standards Act pursuant to 29 U.S.C. §216

17   105.    Plaintiff also brings this lawsuit as a collective action under the Fair Standards Labor
18   Act, 29 U.S.C. §201, et. seq. (the "FLSA"), on behalf of all persons who were, are, or will be employed
19   by Defendant in an exempt hourly position during the period commencing three years prior to the
20   filing of this Complaint to and through a date of judgment, who performed work in excess of forty
21   (40) hours in one week and did not receive all compensation as required by the FLSA for the hours
22   worked.  To the extent equitable, tolling operates to toll claims by the against the collective employees
23   against the Defendant, the collective statute of limitations should be adjusted accordingly.

24   106.    This Collective Action by similarly situated persons under 29 U.S.C. 216(b) is based
25   upon the failure of the named Defendant to include commission in the calculation for overtime and
26   applies to Plaintiff and the FLSA Plaintiff Class.

27
28

29

107.  FLSA §207 prescribes that any employee that works in excess of forty (40) hours per workweek must receive compensation for his employment in excess of the hours at a rate not less than one and one-half the regular rate.

108.  Section 207 (i) states that any employee working in excess of the applicable workweek is entitled to regular pay in excess of one and one-half. Further, subsection (e) states that regular rate is deemed to include all remuneration for employment paid to the employee. Thus, commissions are to be included when calculating the regular rate.

109.  Defendant failed to include commissions when calculating the overtime rate for Plaintiff and the FLSA Plaintiff Class, and has failed to comply with the FLSA.

110.  Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

      a.  Whether Defendant's policies and practices failed to accurately calculate the rate for overtime;

      b.  Whether Defendant failed to include all remuneration in calculating the appropriate rates for overtime;

      c.  Whether Defendant should be enjoined from continuing the practices which violate the FLSA; and

      d.  Whether Defendant is liable to the collective employees.

111.  The Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative Plaintiff because the claims of Plaintiff are similar to the claims of collective employees.

112.  Plaintiff and collective employees are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's common and uniform policy and practice of failing to pay for all actual time worked and wages earned, failed to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act

1    as enacted by the Secretary of Labor, and for failing to include all remuneration in calculating overtime

2    rates of employees.

3      113.      Defendant are engaged in communication, business, and transmission throughout the

4    United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. §203(b).

5      114.      29 U.S.C. §225 provides a three-year statute of limitations applies to willful violation

6    of the FLSA. The conduct by Defendant which violated the FLSA was willful.

7      115.      Plaintiff and collective employees regularly worked in excess of forty (40) hours in a

8    workweek. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., Plaintiff and the

9    collective employees are entitled to compensation for all hours actually worked, and are also entitled

10    to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in

11    excess of forty (40) hours in any workweek.

12      116.      Plaintiff and collective employees were all paid to Defendant on an hourly basis for the

13    hours worked up to forty (40) in a workweek, but Plaintiff and collective employees worked more

14    than forty (40) hours per workweek, and were not paid compensation for all hours worked, including

15    overtime hours. Defendant also failed to pay Plaintiff, and collective employees, compensation for

16    the hours they worked performing duties primarily for the benefit of the employer during meal and

17    rest periods.

18      117.      For the purposes of the Fair Labor Standards Act, the employment practices of

19    Defendant were and are uniform throughout the United States in all respects material to the claims

20    asserted in this Complaint.

21      118.      Defendant violated the Fair Labor Standards Act by failing to pay hourly employees

22    for all hours worked, including overtime hours, as alleged herein above.

23      119.      As a result of Defendant's failure to pay overtime compensation for hours worked, as

24    required by the FLSA, Plaintiff and collective employees were damaged in an amount to be proved at

25    trial.

26      120.      Plaintiff, therefore, demand that they and collective employees be paid overtime

27    compensation as required by the FLSA for every hour of overtime in any workweek for which he was

28

1  not compensated, compensation for miscalculation of overtime and straight time, plus liquidated

2  damages, interest and statutory costs as provided by law.

3      121.    As a result of the willful actions of the named Defendant in reckless disregard of the

4  rights of the named Plaintiff and the FLSA Plaintiff Class, Plaintiff and the members of the FLSA

5  Class have suffered damages.

6                          **ELEVENTH CAUSE OF ACTION**

7                          **VIOLATIONS OF CALIFORNIA**

8                  ***BUSINESS AND PROFESSIONS CODE* § 17200, etc.**

9          **(By Plaintiff and the Members of the Plaintiff Class, Against Defendant)**

10     122.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth

11  herein.

12     123.    Section 17200 of the California *Business and Professions Code* prohibits any unlawful,

13  unfair or fraudulent business act or practice.

14     124.    Plaintiff brings this cause of action in a representative capacity on behalf of the general

15  public and the persons affected by the unlawful and unfair conduct described herein.  Plaintiff and

16  members of the Plaintiff Class have suffered, and continue to suffer, injury in fact and monetary

17  damages because of Defendant's actions.

18     125.    The actions by Defendant as herein alleged amount to conduct which is unlawful and

19  a violation of law.  As such, said conduct amounts to unfair business practices in violation of California

20  *Business and Professions* Code § 17200, *et seq.*

21     126.    Defendant's conduct as herein alleged has damaged Plaintiff and the members of the

22  Plaintiff Class by denying them wages due and payable, by failing to provide proper rest breaks, and

23  by failing to pay all wages due in a timely manner at the time of termination (for the Terminated Sub

24  Class). Defendant's actions are thus substantially injurious to Plaintiff and the members of the Plaintiff

25  Class, causing them injury in fact and loss of money.

26     127.    Because of such conduct, Defendant has unlawfully and unfairly obtained monies due

27  to the Plaintiff and the members of the Plaintiff Class.

28

                                    32

128.    All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendant. The amount of wages due to Plaintiff and members of the Plaintiff Class can be readily determined from Defendant's records.  The Class Members are entitled to restitution of monies due and obtained by Defendant during the Class Period as a result of Defendant's unlawful and unfair conduct.

129.    During the Class Period, Defendant committed, and continues to commit, acts of unfair competition as defined by § 17200, *et seq.*, of the *Business and Professions Code*, by and among other things, engaging in the acts and practices described above.

130.    Defendant's course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the *Business and Professions Code* in that it is fraudulent, improper and unfair.

131.    The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendant's policies and practices and therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of *Business and Professions Code* § 17200.

132.    Defendant's conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

133.    Defendant's course of conduct described herein further violates California *Business and Professions Code* § 17200 in that it is fraudulent, improper, and unfair.

134.    The unlawful, unfair, and fraudulent business practices and acts of Defendant as described herein-above have injured Plaintiff and members of the Plaintiff Class in that they were wrongfully denied the timely and full payment of wages due to them.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Class Members pray for judgment as follows:

1.  For an order certifying the proposed Plaintiff, Terminated Sub Class, FLSA, FCRA,
CCRAA and ICRAA Classes;

33

2. An order that counsel for Plaintiff be appointed class counsel;

3. Certification of this class action on behalf of the proposed Plaintiff, Terminated Sub-Class, FLSA, FCRA, CCRAA, ICRAA Classes;

4. Designation of Plaintiff as the class representative of the Plaintiff, Terminated Sub Class, FLSA Class, FCRA Class, CCRAA class, and the ICRAA Class.

5. For restitution of all monies due to Plaintiff and the members of the Plaintiff Class and disgorgement of all profits from the unlawful business practices of Defendant;

6. A declaration that Defendant's practices violate the FCRA, FLSA, CCRAA and ICRAA;

7. Prejudgment and post judgment interest on all sums awarded

8. For compensatory damages;

9. For penalties pursuant to California *Labor Code* §§ 200, 226, 226.7, 226.3, 226.7;

10. For interest accrued to date;

11. For costs of suit and expenses incurred herein pursuant to California *Labor Code* §§ 226 and 1194;

12. For reasonable attorneys' fees pursuant to California *Labor Code* §§ 226, and 1194; and,

13. A declaratory judgment that Defendant has knowingly and intentionally violated the following provisions of law:

   a. California *Labor Code* § 226, by failing to provide the information required with each payment of wages;

   b. California *Labor Code* §§ 201-203 and 227.3 by failing to pay all wages when due and by willfully failing to make timely payment of the full wages due to workers who quit or have been discharged;

   c. California *Labor Code* § 226.7 by failing to provide rest and meal breaks mandated by law;

   d. the FLSA, 29 U.S.C. §207 (i), by failing to provide compensation at time and a half regular rate for work in excess of 40 hours per workweek;

34

1        e.   California *Business & Professions Code* §§ 17200-08 by violating the provisions

2          set forth herein above;

3      14.  For all such other and further relief that the Court may deem just and proper.

4

5   DATED: December 10, 2019          **BRADLEY/GROMBACHER, LLP**

6

7                        By: _____

                          Marcus J. Bradley, Esq.

8                            Kiley Lynn Grombacher, Esq.

                         Attorneys for Plaintiff

9

10                          **JURY DEMAND**

11

12      Plaintiff demands a trial by jury on all issues so triable as a matter of right.

13

14   DATED: December 10, 2019          **BRADLEY/GROMBACHER, LLP**

15

16                        By: _____

17                            Marcus J. Bradley, Esq.

                         Kiley L. Grombacher, Esq.

18                            Attorneys for Plaintiff

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Bradley/Grombacher, LLP<br>Kiley Lynn Grombacher  SBN 245960<br>31365 Oak Crest Drive, Suite 240<br>Westlake Village, CA 91301<br>TELEPHONE NO.: (805) 270-7100  FAX NO.: (805)270-7589<br>ATTORNEY FOR *(Name):* Andrew Sedaghatpour | To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished. |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS:
MAILING ADDRESS: 111 N Hill St.
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

ORIGINAL FILED
County of Los Angeles
DEC 10 2019
Sherri R. Carter, Executive Officer/Clerk of Court
By: Isaac Lovo, Deputy

CASE NAME:
Andrew Sedaghatpour v Zara USA Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 19STCV44243 |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties  d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Eleven
5. This case [✓] is [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 10, 2019
Kiley Grombacher
_____
(TYPE OR PRINT NAME)  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

For your protection and privacy, please press the Clear This Form button after you have printed the form.

**Save This Form**    **Print This Form**    **Clear This Form**

| SHORT TITLE: Andrew Sedaghatpour vs. Zara USA, Inc., et. | CASE NUMBER 19STCV44243 |



# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Andrew Sedaghatpour vs. Zara USA, Inc., et. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Andrew Sedaghatpour vs. Zara USA, Inc., et. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Andrew Sedaghatpour vs. Zara USA, Inc., et. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|

| CITY:<br>Los Angeles County | STATE:<br>CA | ZIP CODE: |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Los Angeles _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 12/10/2019 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/10/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Isaac Lovo _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>19STCV44243 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Maren Nelson | 17 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on 12/10/2019                      By Isaac Lovo           , Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)     **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**